# NALLE *v.* OYSTER.

APPEAL AND ERROR; PLEADING; OBJECTIONS AND EXCEPTIONS; JUDGMENTS;
        RES JUDICATA; SLANDER AND LIBEL.

1. Where, in an action for libel, the declaration consists of two counts,
   and the plaintiff reserves no exception to a ruling of the trial court
   sustaining a demurrer to one of the counts, the appellate court will
   not review such ruling on an appeal by the plaintiff from a judgment
   for the defendant on the other count, entered after overruling a
   demurrer to a plea to that count, but will only review the action of
   the court in overruling such demurrer.

2. The conclusiveness of a judgment in a prior suit between the same
   parties must be ascertained from the record in the prior suit, or by
   extrinsic evidence that the question involved in the subsequent action
   was raised and determined in the prior suit.

3. A right, question, or fact distinctly put in issue and directly deter-
   mined by a court of competent jurisdiction cannot be disputed in a
   subsequent suit between the same parties or their privies; even if
   the second suit is for a different cause of action.

4. Under the rule of *res judicata,* a judgment or decree rendered by a
   court of competent jurisdiction is conclusive not only upon all mat-
   ters directly involved in the issue under consideration, but upon all
   matters properly put in litigation, or that could have been adjudi-
   cated therein.

5. Upon the issue of *res judicata* the court may look at the opinion of the
   trial judge in the previous action to ascertain what was in the mind
   of the court when the judgment was rendered.

6. To a petition for the writ of mandamus against the members of the
   school board, to compel them to reinstate the relator as a teacher,
   the respondents answered that she was dismissed because of her de-
   ficiencies as a teacher; and the relator having traversed the answer,
   a trial was had on the issue so made, and judgment was rendered for
   the respondents. In an action by the former teacher for libel against
   the members of the board, based on the statements of their answer
   in the former suit, it was *held* that the adjudication in the first suit
   barred a recovery in the second, the question involved being *res
   judicata.*

No. 2130.   Submitted October 13, 1910.   Decided December 5, 1910.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, in an action for libel, a demurrer of the plaintiff to a plea to the declaration having been overruled, and the plaintiff having elected to stand upon her demurrer. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is a suit brought by appellant, Mary E. Nalle,* in the supreme court of the District of Columbia, for the recovery of damages arising from the alleged publication of a libel by the appellees, James F. Oyster, William V. Cox, Mary C. Terrell, Justina R. Hill, Ellen S. Mussey, and Barton W. Evermann. The action arises out of a former suit in the supreme court of the District, in which the appellant brought an action for a writ of mandamus to require the appellees, as the school board of the District of Columbia, to reinstate her as a schoolteacher in the public schools. For convenience, the appellant and appellees, will be referred to as plaintiff and defendants in the relation they sustained in the present action, as well as in the former, in the court below.

The amended declaration filed in the present case contained two counts; to the sufficiency of which counsel for defendants demurred. The demurrer was sustained as to the first count, and defendants were required to plead to the second count. No exception was taken by counsel for plaintiff to the ruling of the court in sustaining the demurrer to the first count. We can therefore confine ourselves to the allegations of the second count. Plaintiff, in the second count, alleges, in substance, that prior to September 14, 1906, she had been for many years a teacher in the public schools of the District of Columbia; that, without notice, defendants, acting as a board, dismissed her from the rolls as a teacher, "assigning therefor that the same was done for the good of the service;" that thereupon plaintiff filed her petition in the supreme court of the

---

*See *United States ex rel. Nalle* v. *Hoover*, 31 App. D. C. 311.

District of Columbia for a writ of mandamus to compel the
board to reinstate her in her position as teacher; that the board,
composed of the defendants, in order to prevent her from se-
curing a writ, entered "into an unlawful agreement, combina-
tion, confederation, and conspiracy among themselves to ruin
plaintiff, and to specifically prevent her from obtaining her
proper redress as prayed for, and to which she was entitled in
the mandamus proceeding aforesaid, and to cause it to be be-
lieved by the public in general that she was deficient in the
necessary academic and pedagogic equipment of a competent
teacher, and thereby prevent her from securing employment as
a school-teacher.   In pursuance to their aforesaid plan and
conspiracy to injure and ruin the plaintiff, the defendants ma-
liciously and unjustly composed and published, and caused to
be composed and published, and filed, and caused to be filed,
in the clerk's office of the supreme court of the District of
Columbia, a certain paper purporting to be in their answer,
and the answer of other members of the board of education,
which contained certain false and scandalous and defamatory
libel of and concerning plaintiff, and of and concerning her
in an about her profession as a school-teacher, in the false and
malicious and libelous words following: 'These respondents
(meaning the defendants and others composing the board of
education of the District of Columbia) found on examination
that the relator (meaning the plaintiff) was not sufficiently
qualified in all respects to be competent to continue to teach
during the ensuing year (meaning to continue to teach in the
public schools of the District of Columbia for the school year
of 1906–1907), but was deficient in the necessary academic
and pedagogic equipment of a competent teacher.   These re-
spondents (meaning defendants and others composing the board
of education of the District of Columbia) were therefore un-
able lawfully to continue the employment of the relator (mean-
ing plaintiff).' "
     The declaration further alleges that the defendants, neither
individually nor as a board, examined plaintiff as to her quali-
fications for a teacher, and that defendants knew at the time of

filing the answer "that plaintiff was thoroughly proficient, both pedagogically and academically, and was so recognized by all who knew her, both in and out of the schools; and the defendants, and each of them, knew at the time of the composition and publication of the aforesaid false, scandalous, and defamatory libel that the facts therein alleged were absolutely false in fact, and done and intended to be done as and for a mere subterfuge, all of which was done in pursuance of their aforesaid unlawful agreement and design to annoy, disturb, hinder, interfere with, oppress, and injure plaintiff in her aforesaid pursuit." Then follows the allegation as to damage.

For answer [plea] the defendants admit that plaintiff had been a teacher in the schools prior to September 14, 1906, and alleged that, under the authority vested in them as the board of education of the District of Columbia, plaintiff was dismissed from the service. They set up the proceedings had in the former action brought by the plaintiff to secure a writ of mandamus to compel defendants to restore her to her position as a teacher, and allege that, "as respondents in said action of mandamus, filed an answer in the supreme court of the District of Columbia, in said suit, and in and by said answer, and upon a matter material, relevant, pertinent, and necessarily involved in said cause, and litigated therein between the said parties, set up the identical matters and writings complained of in the present suit, and thereupon set up in said answer and as a response to the allegations of said petition" the identical paragraph from the answer in the mandamus proceeding which is above set out in the declaration as composing the libel upon which this action is based. Defendants further allege the entry of a final judgment in their favor in the mandamus proceeding, and plead former adjudication.* A demurrer to the answer [plea] was interposed, which was overruled. The plaintiff elected to stand upon her demurrer, and judgment was

_____

*In the mandamus suit, judgment was entered for the respondents after the trial of the issue as to whether the relator was dismissed solely because she was, on examination, found to be deficient as a teacher, which issue was raised by relator's traverse to the respondent's answer to the petition for the writ.—Reporter.

entered for the defendants. From this order, the cause comes here on appeal.

*Mr. John C. Gittings* and *Mr. J. M. Chamberlin* for the appellant.

*Mr. Clarence R. Wilson,* U. S. Attorney for the District of Columbia, and *Mr. Reginald S. Huidekoper,* Assistant, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

In stating the case presented by the pleadings, we have ignored the question of privileged communication, for the reason that the judgment can be sustained upon the plea of former adjudication. The conclusiveness of the judgment in a prior suit between the same parties must be ascertained from the record in that case, or by extrinsic evidence that the question involved in the present action was raised and determined in the former case. It is not denied that the matter here complained of was involved in the former suit. In fact, its existence there forms the basis of this action. But it is contended that the present suit is a different cause of action from the former one, and that the alleged conspiracy was not complete, and the overt act here complained of had not been committed, until after the former suit was instituted. The mere fact that a different cause of action is involved, so long as the same parties are concerned, will not prevent the plea of estoppel. The rule was announced in *Southern P. R. Co.* v. *United States,* 168 U. S. 1, 42 L. ed. 355, 18 Sup. Ct. Rep. 18, as follows: "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact, once so determined, must, as between the same parties or their privies, be taken as

conclusively established, so long as the judgment in the first suit remains unmodified."

Neither is it important that the alleged libel was not in existence at the time of the filing of the former suit. If it was involved in the mandamus proceeding, and its determination was an essential element of the judgment, plaintiff cannot make it the basis of an action for libel. We understand the rule of *res judicata* to be that a judgment or decree rendered by a court of competent jurisdiction is conclusive not only upon all matters directly involved in the issue under consideration, but upon all matters properly put in litigation, or that could have been adjudicated therein. "The plea of *res judicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Beloit* v. *Morgan*, 7 Wall. 619, 19 L. ed. 205. The alleged libel, forming the basis of the present suit, not only could properly have been determined in the mandamus proceeding, but clearly was determined, and formed a material issue in arriving at the judgment therein.

While the opinion of the trial court is not part of the record in that case, we may look to it to ascertain what was in the mind of the court when the judgment was rendered. In considering the portion of the answer here involved, which constituted the chief defense of the defendants in that action, the learned justice said: "In the absence of any prohibition in the statute, the power is inherent in the board to dismiss teachers for want of suitable qualifications as such. * * * The return or answer to the rule in this case must be considered as meaning, and is admitted by the demurrer to mean, that upon examination (that is, upon observation and inquiry into the qualifications and competency of this relator in her capacity as teacher) they found her to be 'deficient in the necessary academic and pedagogic equipment of i competent teacher' and that in the exercise of their duty as well as their authority,

as they regarded it, they dismissed her for the good of the service.  *  *  *  The general power of the board to dismiss a teacher in a proper case is expressly conferred, subject to one condition,—that such dismissal shall be 'upon written recommendation of the superintendent of schools.'  *  *  * That Congress never intended to tie the hands of the board of education so that it could not dismiss a teacher who was found to be lacking in the necessary qualifications of a competent teacher is not only evidenced by the act itself, but, in the very nature of things, it must be so."

This court, in affirming the judgment (*United States ex rel. Nalle* v. *Hoover,* 31 App. D. C. 311), said: "The answer of respondents sets forth that relator was dismissed because she was lacking in the academic and pedagogic equipment of a competent teacher.  *  *  *  If the board had power to dismiss relator upon the recommendation of the superintendent of schools, without granting her such a hearing as is provided for in sec. 10 of the act, we will not stop to inquire into the method employed by the board in arriving at its decision."

It will be observed that the judgment of the court below and the opinion of this court rest upon the fact that the board had found the plaintiff deficient in the necessary qualifications of a teacher, and that the examination mentioned in the statute required no formal hearing, but might consist of any information the members of the board might gather, individually or collectively, that would, in their judgment, justify her dismissal. It will also be observed that the allegations of the answer involved formed the very basis of the judgment dismissing the mandamus proceeding. It was the duty of the defendants (the board, in that case) to state in their answer why they had dismissed the plaintiff; and it was upon this allegation and the proof adduced at the trial that the writ was denied.

We are therefore of the opinion that the main question of fact involved in the present case is shown by the record not only to have been put in issue in the former case, but to have been there decided adversely to the plaintiff. The judgment is affirmed, with costs, and it is so ordered.                    *Affirmed.*