**UNITED STATES ex rel. DONNER STEEL CO. Inc., v. INTERSTATE COMMERCE COMMISSION.**

(Court of Appeals of District of Columbia. Submitted October 5, 1925. Decided November 2, 1925.)

No. 4303.

1. **Judgment** �609589(1)—**Judgment dismissing petition for mandamus, or in alternative for certiorari to review action of Interstate Commerce Commission, held res judicata.**

Judgment dismissing petition for mandamus, and in alternative for certiorari, to review action of Interstate Commerce Commission, holding that petitioner had been discriminated against in violation of Act to Regulate Commerce, §§ 1, 2, 3 (Comp. St. §§ 8563, 8564, 8565), but denying reparation, *held* res judicata on petition for certiorari only after Commission had granted rehearing, but adhered to its former ruling, notwithstanding question of certiorari was not seriously considered by either court or counsel on prior hearing.

2. **Judgment** �609731—**Question raised in case, and not reserved out of judgment, must be treated as res judicata, though not given serious consideration.**

Question expressly raised in case, and not reserved out of judgment, must be considered as adjudicated therein in subsequent case involving same question between same parties, though it was not given serious consideration, either by court or counsel.

3. **Judgment** �609589(1)—**Judgment dismissing petition for mandamus, and in alternative for certiorari to review action of Interstate Commerce Commission, held res judicata.**

Judgment dismissing petition for mandamus, and in alternative for certiorari, to review action of Interstate Commerce Commission, holding petitioner had been discriminated against, in violation of Act to Regulate Commerce, §§ 1, 2, 3 (Comp. St. §§ 8563, 8564, 8565), but denying reparation, *held* res judicata on subsequent petition for certiorari only, although in meantime the Commission had granted rehearing and heard additional evidence; issues on rehearing being confined to those involved on first hearing and between same parties.

Appeal from Supreme Court of District of Columbia.

Petition by the United States, on the relation of the Donner Steel Company, Inc., for writ of certiorari to review action of Interstate Commerce Commission, denying petitioner reparation for discrimination found to have been made against it. From a judgment dismissing the petition, petitioner appeals. Affirmed.

See, also, 52 App. D. C. 221, 285 F. 955.

J. L. O'Brian, of Buffalo, N. Y., and G. C. Todd, of Washington, D. C., for appellant.

P. J. Farrell, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The Donner Steel Co., Inc., owned and operated two manufacturing plants for the production of pig iron and steel, located in the state of New York. On January 17, 1919, it filed a complaint with the Interstate Commerce Commission against the Director General of Railroads and certain railroad companies, all common carriers, alleging that the said carriers were either performing the service of spotting cars free within the plants of the complainant's competitors, or in lieu thereof were making an allowance to them for the cost incurred by them in performing that service for themselves, but that at the same time the carriers refused either to perform the same service of spotting cars within complainant's plants or in the alternative to pay complainant for the cost incurred by it in performing such service for itself, under substantially similar circumstances and conditions. The complaint alleged that this practice was a violation of sections 1, 2, and 3 of the Act to Regulate Commerce (Comp. St. §§ 8563, 8564, 8565), being an undue prejudice or discrimination by the carriers against the complainant, and that complainant had suffered damages because thereof in the sum of $498,000. It prayed for an order directing the carriers to cease from the discrimination complained of, and for an award to the complainant of its said damages.

A trial upon evidence was had by the Commission, and on June 7, 1920, its decision was reported, sustaining the charge of discrimination as aforesaid, holding the same to be unlawful, and ordering the carriers to cease therefrom, holding, however, that the complainant had not shown that it had suffered any damage of which the discrimination was the proximate cause, and accordingly awarding no damages to it.

Thereupon the complainant filed a petition in the Supreme Court of the District of Columbia against the Interstate Commerce Commission, entitled a petition for mandamus or certiorari, setting out the aforesaid facts and proceedings, first praying the court for a writ of mandamus directed to the Commission, commanding and directing it to ascertain, fix, and determine the reasonable cost to the complainant of performing its necessary car-spotting service, with its own

facilities, during the period in question, and to make an award of damages to complainant, taking into account the reasonable cost of such service incurred and paid by complainant, and not incurred or paid by its said competitors, by reason of the discriminatory practices complained of, and next praying the court to issue a writ of certiorari, directed to the Commission, directing it to certify to the court the record and proceedings in the case, and that the court should thereupon review the same, and take such further action and make such decision in and disposition of the case as might seem just and proper.

A demurrer to this petition was filed by the Commission and was sustained by the court, whereupon the petitioner appealed to this court, which affirmed the judgment of the lower court. Donner Steel Co. v. Interstate Commerce Commission, 52 App. D. C. 221, 285 F. 955. The complainant thereupon applied to the Commission for a rehearing, which was granted. The Commission, however, affirmed its former finding, and again denied reparation.

Thereupon the complainant filed a second petition in the Supreme Court of the District of Columbia, with the Interstate Commerce Commission as defendant, entitled a petition for certiorari, setting out the aforesaid facts and proceedings, and praying that the court should "issue a writ of certiorari, directed to the respondent, directing it to certify to this court the record and proceedings in this case, and that this court thereupon review the same, and take such further action and make such decision in and disposition of this case as to it may seem just and proper." This petition was dismissed by the court upon motion of the respondent, the court holding in effect, although not in terms, that the issue was res adjudicata. Thereupon the present appeal was taken by the petitioner.

[1] We think it is apparent upon the record that the petition in this case presents the identical issues which were passed upon by the court in the former case between the same parties, and that it was rightly dismissed under the rule of res adjudicata. The appellant, however, contends that this court, in its opinion rendered in the former case, held only that the lower court could not review or control the Commission's decision by mandamus, and did not decide whether a writ of certiorari could lawfully have been issued by the lower court in the case.

That contention is answered by the fact that the actual judgment upon the issues presented in the former case was rendered by the trial court. The petitioner in the case sought a remedy in that court by mandamus, or alternatively by certiorari; but the court denied it any remedy whatever, and dismissed the petition. This was an adjudication of all the issues raised in the case below, both as to substantive rights and the remedies sought. The judgment was affirmed by this court, without modification, and the force and effect of the adjudication remained as before the appeal.

[2] It is said by the appellant that the question of certiorari was not given serious consideration, either by the court or counsel, in the former proceedings. This, however, does not alter the situation, for the question was expressly raised in the case, and it was not reserved out of the judgment. It must therefore be considered as adjudicated therein. In the case of Gould v. Evansville & Crawfordsville R. Co., 91 U. S. 526, 23 L. Ed. 416, the Supreme Court said:

"Except in special cases, the plea of res adjudicata applies, not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time. 2 Taylor's Ev. sect. 1513; Henderson v. Henderson, 3 Hare, 115; Stafford v. Clark, 2 Bing. 382; Miller v. Covert, 1 Wend. [N. Y.] 487; Bagot v. Williams, 3 B. & C. 241; Roberts v. Heine [Heim] 27 Ala. 678."

[3] The appellant also contends that the rule of res adjudicata does not now apply in this case, because of the fact that, after judgment was rendered in the former case, a rehearing was granted by the Interstate Commerce Commission, at which additional testimony was taken, although it was followed by the same decision as before. It must be observed, however, that the rehearing was confined to the same questions as were involved in the first hearing and was between the same parties; consequently the second petition, which was filed in the lower court, presented the same issues as were presented by the first one. In United States v. Moser, 266 U. S. 236, 45 S. Ct. 66, 69 L. Ed. 262, the Supreme Court said:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the

right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

We affirm the judgment of the lower court, with costs.