## WOODS v. CANNADAY et al.

### No. 9166.

United States Court of Appeals
District of Columbia.

Argued April 1, 1946.

Decided Oct. 21, 1946.

Mr. Leo A. Rover, of Washington, D. C., for appellant.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PER CURIAM.

Appellees are the Off-Beat Club, Inc., a District of Columbia corporation, and Richard Cannaday, its President. In September, 1944, the Club and Cannaday brought an action in the District Court against Fred Woods, appellant here, alleging that the Club was organized to operate a social club and had its home on Seventh Street, Northwest, in Washington City; that prior to that time Woods was in possession of the premises; that the Club agreed to employ him and pay him $50 a week in consideration of his releasing his rights in the premises and for his services in superintending the Club; that the offer was accepted and Woods was so employed until August, 1944; that at that period, and ever since the transaction just above referred to, Woods had no interest in the Club except as an employee; that after taking over the premises the Club expended $4,500 in repairs and furnishings, and other large sums for supplies and taxes; that

Woods had for some time past declared and maintained that the Club was owned by him, had assaulted Cannaday, its President, and driven him from the premises, and had failed to turn over or account for some $6,000 of funds received by him for the Club in the month of August, 1944. The complaint asked that a Receiver be appointed to conserve the business and property of the Club and continue its business, and that the Receiver be directed to proceed against Woods for an accounting of the money and property due the Club which he had caused to be diverted from the Corporation.

Woods failed to appear or defend the action and judgment by default was entered October 26, 1944, and ultimately the Club obtained a final judgment against him for the amount of $11,000. After a motion by Woods to set aside this judgment had failed, Woods filed the instant action. His complaint sought a declaratory judgment that he was the owner of the Club and he asked for an accounting of profits and for an injunction to be issued prohibiting Cannaday from interfering in the management or operation of the Club. The complaint alleged that the managers of the Club were attempting to dissolve the Club and transfer the assets to Cannaday to the irreparable injury of Woods. Defendant (appellee) answered the complaint, denying Woods' allegations and setting up the previous judgment as res judicata of Woods' claim thereupon, and moved for judgment on the pleadings. On November 13, 1945, the court granted the motion and dismissed the complaint. From that judgment this appeal is taken.

It will thus be seen that the single question is whether the issue of ownership of the Club and its assets is res judicata by virtue of the previous suit and judgment obtained against the present plaintiff.

We have no manner of doubt this question must be answered affirmatively.

■■ The most casual examination of the papers in the original suit shows unmistakably that the decisive question in the case was the ownership of the Club and that the judgment was a conclusive determination of that issue in favor of the Off-Beat Club and Cannaday. This necessarily follows since, if Woods were the owner of the Club, as is now claimed, obviously no judgment against him for despoiling its property and converting its funds could have passed. We have held often enough not to require repetition that res judicata applies not only to points on which the court was actually required to pronounce judgment, but, as well, to every point which properly belonged to the subject of the controversy and which the parties, in the exercise of reasonable diligence, might have brought forward at the time. See United States ex rel. Donner Steel Co. v. Interstate Commerce Comm., 56 App.D.C. 44, 8 F.2d 905; Nalle v. Oyster, 36 App.D.C. 36.

■ Nor is it of any consequence that the judgment was entered by default. Any question in that respect is laid at rest by the decisions of the Supreme Court that judgment entered after default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest. See Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 691, 15 S.Ct. 733, 39 L.Ed. 859; Riehle v. Margolies, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669.

Affirmed.