## In re FEDERAL WATER & GAS CORP. et al.

### Appeal of CHENERY CORP. et al.

### No. 10160.

United States Court of Appeals,
Third Circuit.

Argued Dec. 19, 1950.

Decided April 2, 1951.

Writ of Certiorari Denied June 4, 1951.

See 71 S.Ct. 1018.

---

Charles A. Horsky, Washington, D. C. (Daniel M. Gribbon, Wilbur R. Lester, Washington, D. C., Covington, Burling, Rublee, O'Brian & Shorb, Washington, D. C., on the brief), for appellants.

Allen S. Hubbard, New York City (Jerome G. Shapiro, New York City, Hughes, Hubbard & Ewing, New York City, on the brief), for respondent, Federal Water & Gas Corp.

Roger S. Foster, Washington, D. C. (Myron S. Isaacs, Special Counsel, Ellwood L. Englander and Richard S. Ries, all of Washington, D. C., on the brief), for Securities and Exchange Commission.

Percival E. Jackson, New York City, for appellees, Common Stockholders Committee of Federal Water & Gas Corp.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from an order of the District Court for the District of Delaware enforcing, on the application of the Securities and Exchange Commission, a plan for the dissolution of the Federal Water and Gas Corporation. The plan had been proposed by Federal Water and Gas Corporation and approved by the Commission under Section 11(e) of the Public Utility Holding Company Act of 1935.[1] The appellants, whom we shall call the Chenery group, were officers, directors and controlling stockholders of a predecessor company, Federal Water Service Corporation. They assert that the district court erred in approving and ordering to be enforced that part of the plan of dissolution which excludes them from participation as stockholders in the distribution of the assets of Federal Water and Gas Corporation with respect to preferred stock of Federal Water Service Corporation acquired by them during the course of the reorganization and which relegates them to the position of creditors of Federal Water and Gas Corporation with respect to that stock. The Commission and the Common Stockholders Committee of Federal Water and Gas Corporation oppose this contention. They as-

1. 15 U.S.C.A. § 79k(e).

sert that in prior proceedings for the reorganization by merger of Federal Water Service Corporation, its parent, Utility Operators Company, and its wholly owned subsidiary, Federal Water and Gas Corporation, from which the present Federal Water and Gas Corporation emerged, it was finally determined that the Chenery group were not entitled to become stockholders in the corporation which resulted from the merger with respect to the preferred stock in question but must be regarded as creditors of that corporation to the extent of the cost of that stock plus interest.

To determine the validity of the respective contentions of the parties we must examine the nature of the prior proceedings to which reference is made. We accordingly briefly review them.

The merger proceeding was initiated by a plan of reorganization and merger proposed by Federal Water Service Corporation in order to comply with the requirements of Section 11 of the Act. The plan was filed on March 30, 1940 under Section 7 of the Act. At hearings thereon it appeared that the members of the Chenery group had purchased shares of preferred stock of Federal Water Service Corporation in the years during which the plan of reorganization was being formulated by them as officers, directors and controlling stockholders. In an opinion filed March 24, 1941,[2] the Commission concluded that the Chenery group was disqualified, upon equitable principles, from participating in the reorganization with respect to these shares. The Commission accordingly disapproved the proposed plan to the extent that it permitted the Chenery group to participate in the merger with respect to these shares and indicated that the group should be limited in participation to the actual cost of the stock thus purchased. On August 12, 1941, Federal Water Service Corporation amended the plan as suggested by the Commission so as to limit the participation of the Chen-

ery group in the merger to the actual cost of the stock thus purchased by them with interest at the rate of 4% per annum from the dates of purchase to the effective date of the merger. The amendment provided that no shares of common stock of the merged corporation should be issued in lieu of the shares of preferred stock of Federal Water Service Corporation purchased since November 8, 1937 by the Chenery group, but that the merged corporation pay the holders their cost plus interest upon surrender of their shares. The plan as thus amended was approved by the Commission on September 24, 1941.[3] Thereupon the Chenery group petitioned the Court of Appeals for the District of Columbia to review the Commission's order approving the merger agreement which as thus amended excluded them from participation as stockholders.

At stockholders' meetings held October 28, 1941, the amended agreement of merger was approved by the requisite majorities of stockholders of the three corporations involved. At this election the members of the Chenery group voted against the adoption of the merger agreement. The merger was consummated on October 31, 1941. Review proceedings for the ultimate determination of the rights of the Chenery group, as we have said, were then pending before the Court of Appeals.

The Court of Appeals on April 27, 1942 reversed the order of the Commission approving the merger agreement which excluded the Chenery group from participation as stockholders.[4] Certiorari was granted upon petition of the Commission. On February 1, 1943 the Supreme Court remanded the case to the Court of Appeals with directions to remand it to the Commission for such further proceedings not inconsistent with the opinion of the Supreme Court as might be appropriate.[5] While it is not necessary, in the view which we take of the case, for us to analyze the basis of the Court's action, it appears that the Court

2. 8 S.E.C. 893, 915–921.

3. 10 S.E.C. 200.

4. Chenery Corporation v. Securities and Exchange Comm., 75 U.S.App.D.C., 374, 128 F.2d 303.

5. Securities and Exchange Comm. v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626.

concluded that established equitable principles did not justify the Commission's action with respect to the Chenery group but that since the standards laid down by the Act might be construed by the Commission to do so, the case should be remanded in order to enable the Commission to give further consideration to the impact of those standards.

After remand of the case to the Commission, Federal Water and Gas Corporation on April 7, 1943 applied to it for approval of an amendment to the plan of reorganization under which the corporation had been formed on October 31, 1941. The amendment proposed that the merger agreement should be altered so as to provide for the issuance of stock of the reorganized corporation to the Chenery group with respect to the preferred stock of Federal Water Service Corporation in question upon the same basis upon which it had already been issued to the public investors in that stock. The Commission thereupon reconsidered the matter and determined upon the basis of standards which it drew from the Act that the proposed amendment to the plan could not be approved. Accordingly, on February 7, 1945 the Commission entered orders denying the application to amend the plan of reorganization and reapproving the plan as constituted on September 24, 1941.[6] The Chenery group thereupon sought a review of these orders by the Court of Appeals for the District of Columbia and that court on February 4, 1946 set the orders aside.[7] However, upon certiorari again sought by the Commission, the Supreme Court reversed the judgment of the Court of Appeals, holding that the Commission was within its province in concluding that the proposed amendment permitting participation by the Chenery group as stockholders in the merger was inconsistent with the standards of the Act.[8] Accordingly, upon remand, the Court of Appeals for the District of Columbia vacated its prior judgment and entered a judgment af-firming in all respects the orders of the Commission under review.

This terminated the litigation with respect to the reorganization of Federal Water Service Corporation and its affiliated companies and the creation by merger of Federal Water and Gas Corporation. The merger, therefore, continued in effect as provided for by the merger agreement as originally amended and approved by the Commission. Accordingly the Chenery group never did become stockholders of Federal Water and Gas Corporation with respect to the preferred shares of Federal Water Service Corporation in question but on the contrary in accordance with the terms of the merger agreement became creditors for the amount of the actual cost of those shares, with interest.

Federal Water and Gas Corporation had previously on December 31, 1942 filed with the Commission pursuant to Section 11(e) of the Act a plan under which it would cease to exist by dissolution or otherwise. A number of supplemental plans were filed from time to time thereafter and finally on November 7, 1947 the Corporation filed an amended and supplemental plan for its liquidation and dissolution which the Commission took under consideration. The amended plan purported to treat the rights of the Chenery group as still undecided. The Commission, however concluded that the question had been finally settled in the prior proceedings in which it had been determined that the payment to the Chenery group by Federal Water and Gas Corporation of the cost of the preferred shares of Federal Water Service Corporation in question with interest, totaling $313,190.22, in full discharge of their claims, as provided by the amended merger agreement, would be fair and equitable. The amended plan of liquidation and dissolution was then further amended to conform to the Commission's conclusions and as thus amended was approved on July 27, 1948.[9]

6. 18 S.E.C. 231.

7. Chenery Corp. v. Securities and Exchange Comm., 80 App.D.C. 365, 154 F. 2d 6.

8. Securities and Exchange Comm. v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995, rehearing denied 332 U.S. 783, 68 S.Ct. 26, 92 L.Ed. 367.

9. Holding Company Act Release No. 8387.

On July 28, 1948 the Commission applied to the district court for approval and enforcement of the plan of liquidation and dissolution. On August 19, 1948, without opposition, the court ordered enforcement of the plan except as to the part which directed satisfaction of the claims of the Chenery group by payment of $313,190.22. The Chenery group objected to that part of the plan and, after hearing, the district court on December 2, 1949 filed its opinion[10] and on January 11, 1950 entered the order here under appeal enforcing the plan in full. The court's action was based on its conclusion that it was bound by the prior proceedings culminating in the second decision of the Supreme Court to find the plan fair and equitable in its treatment of the Chenery group.

The basic question which this appeal presents is whether the rights of the Chenery group in Federal Water and Gas Corporation were conclusively determined in the prior reorganization and merger proceedings before the Commission, the Court of Appeals and the Supreme Court to be those of creditors rather than stockholders. We agree with the district court that the reorganization and merger proceedings had that effect and that the question of the rights of the Chenery group in the present dissolution proceedings of Federal Water and Gas Corporation is res judicata. The Chenery group argue that the prior reorganization and merger proceedings were not the type of proceedings to which the rules of res judicata are applicable and that in any event the issue which they now seek to raise was not raised or decided in those proceedings. We do not agree. It is true that the Securities and Exchange Commission is an administrative agency and that it is vested with rule making powers of a legislative character. But in the reorganization and merger proceedings the commission was not laying down rules of conduct for the future in the exercise of its quasi-legislative power. On the contrary it was acting in a quasi-judicial or adjudicatory capacity to determine the existing obligations and duties of the holding companies in question and the rights of their creditors and stockholders under the legal standards laid down in the Act and in the light of their past conduct. The distinction between the two types of function was clearly pointed out by Justice Holmes in Prentis v. Atlantic Coast Line Co., 1908, 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 as follows: "A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power."

When an administrative agency exercises power of a quasi-judicial or adjudicatory nature and its order has been affirmed by the final judgment of a reviewing court, the rights and liabilities necessarily determined by the judgment of affirmance become res judicata.[11] Here it was necessary in the reorganization and merger proceedings for the Commission to decide whether the members of the Chenery group were, with respect to the shares in question, entitled to become stockholders in the corporation, Federal Water and Gas Corporation, which was to be formed by the merger, or whether their rights were only those of creditors of that corporation. After full hearing before the Commission and the fullest judicial review, including two separate days in the Supreme Court, it was finally decided that it was fair and equitable to the Chenery group to limit their rights, as the amended merger agreement did, to the

10. 87 F.Supp. 289.

11. Old Colony Trust Co. v. Comm'r of Int. Rev., 1929, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Grubb v. Public Utilities Comm., 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Betts v. Railroad Commission, D.C.S.D. Cal. 1933, 6 F.Supp. 591, affirmed 291 U.S. 652, 54 S.Ct. 563, 78 L.Ed. 1046; United States ex rel. Donner Steel Co. v. Interstate Commerce Commission, 1925, 56 App.D.C., 44, 8 F.2d 905, certiorari denied 270 U.S. 651, 46 S.Ct. 351, 70 L.Ed. 781; Lehigh Valley R. Co. of New Jersey v. Martin, 3 Cir. 1938, 100 F.2d 139, certiorari denied 306 U.S. 651, 59 S.Ct. 592, 83 L.Ed. 1049; 1 Vom Baur, Federal Administrative Law, § 258.

rights of creditors alone and that they were, therefore, not entitled to become stockholders of Federal Water and Gas Corporation.

The Chenery group now assert that the question in the present proceeding is whether they may participate as stockholders in the distribution of the assets of Federal Water and Gas Corporation upon its dissolution and that this question was not involved in the former proceedings since it was then contemplated that Federal Water and Gas Corporation would continue as a going concern. We shall assume that this question was not presented in the former proceeding although we note that only fourteen months after its formation Federal Water and Gas Corporation had filed a plan contemplating its possible future dissolution. It is obvious, however, that this question depends for its answer upon the answer to another, namely, whether the members of the Chenery group are entitled to be regarded for any purposes as stockholders of Federal Water and Gas Corporation. This issue, as we have pointed out, was conclusively determined in the prior proceeding against the claims of the Chenery group. It is the fact that they are entitled only to claim as creditors and not as stockholders which is res judicata and since they are estopped by the decision in the prior proceedings from contending that they are other than creditors, they cannot now assert any sort of claim as stockholders.

 The Chenery group strongly urges that the rule which the Commission drew from the Act and which it held denied them the right to participate in the merger as stockholders, has subsequently been rejected by the Commission and has never been applied by it in any later reorganization. Accordingly, they urge, it should not be applied here. This argument, however, while it has its appeal, is not available to defeat the operation of the rule of res judicata since the effect of a final judgment may not be avoided on any such ground as this. On the contrary it is settled that a judgment of a court of competent jurisdiction, once final, is binding under the rules of res judicata even though it was based upon a patently erroneous view of the law.[12] A fortiori, if all that appears is that there has been a subsequent change in the law.[13]

It is also argued that the district court erred in holding the question of the rights of the Chenery group to be res judicata because, it is said, the Supreme Court in its second opinion in the prior proceedings did not pass on the question as to the correctness of the Commission's reaffirmance of its order approving the reorganization plan. The contention seems to be that the court considered only the Commission's order denying Federal Water and Gas Corporation the right to amend the merger agreement so as to eliminate the effect of the amendment previously made at the instance of the Commission which denied the Chenery group participation as stockholders in the corporation formed by the merger agreement, and that the Court did not pass upon the Commission's order which reaffirmed its prior decision approving the merger agreement as thus originally amended at its instance. The Supreme Court rejected this very contention which was submitted to it in a petition for rehearing.[14] We likewise find no merit in it. On the contrary it appears that the Court of Appeals for the District of Columbia in compliance with the mandate of the Supreme Court and after that Court's second decision vacated its prior judgment of reversal and entered a judgment affirming in all respects both orders of the Commission. That final judgment of the Court of Appeals has never been modified and it stands as the final judgment in the prior proceeding. We think that in the light of the record it clearly adjudicated the rights of the Chenery group and that its effect is to make their

---

12. Milliken v. Meyer, 1940, 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278.

13. Baltimore & P. Railroad Co. v. Grant, 1878, 98 U.S. 398, 401, 25 L.Ed. 231; Chicot County Drainage Dist. v. Baxter State Bank, 1940, 308 U.S. 371, 374–375, 60 S.Ct. 317, 84 L.Ed. 329.

14. See petition for rehearing filed by Federal Water and Gas Corporation on July 17, 1947, and denied, Securities & Exchange Comm. v. Chenery Corp., 332 U.S. 783, 68 S.Ct. 26, 92 L.Ed. 367.

rights in the present proceeding res judicata.

We accordingly conclude that the settled rules of res judicata preclude the Chenery group from claiming in the present proceeding for the dissolution and distribution of the assets of Federal Water and Gas Corporation that they are stockholders of that corporation and as such are entitled to share in the distribution of its assets pro rata with other stockholders. Their rights having been definitely determined, as we have pointed out, to be those of creditors to the extent of $313,190.22 only, their participation in the distribution of the assets of Federal Water and Gas Corporation was properly limited by the Commission and the District Court to the payment to them of that sum.

The judgment of the district court will be affirmed.