## COMER v. FISTERE

### No. 1427.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 18, 1954.

Decided Feb. 10, 1954.

John J. Spriggs, Jr., Washington, D. C., for appellant.

Thomas S. Walsh, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellant was sued for payments due under a contract for dancing lessons. Although she was personally served with process, she did not appear and defend the suit, and judgment was entered against her by default. Approximately six months later, after her salary was attached, she moved to vacate the default judgment. Attached to her motion was an answer to the complaint stating several defenses to the claim of appellee. The motion to vacate judgment was denied. Appellant thereupon filed the present action, in which she repeated part of the matter pleaded in her first answer and also charged that she was induced to enter the contract by the fraudulent misrepresentations of appellee. Appellee filed a motion to dismiss the complaint on the grounds that it constituted a compulsory counterclaim which should have been adjudicated in the former action, and that the default judgment was res judicata. This appeal is taken from an order of the trial court granting the motion to dismiss.

We think it clear that appellant's claim was the subject matter of a compulsory counterclaim in the first case. Rule 13(a) of the Municipal Court, which corresponds to F.R.Civ.P. Rule 13(a), 28 U.S. C.A., provides that "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *." This rule is broadly drawn, and the words "transaction or occurrence" have been liberally interpreted by the courts to avoid a multiplicity of suits and to provide a means of bringing all materially or logically related claims together into a single action.[1] The Supreme Court has ruled that claims arising from the same transaction include those arising from logically related occurrences.[2] They have also been held to include those which may be supported or refuted by the same evidence.[3] Whatever test is here applied the

1. See, e.g., Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; Lesnik v. Public Industrials Corporation, 2 Cir., 144 F.2d 968.

2. Moore v. New York Cotton Exchange, supra.

3. Williams v. Robinson, D.C.D.C., 1 F.R. D. 211. Cf. Gold Seal Co. v. Weeks, D. C.Cir., 209 F.2d 892, construing F R. Civ.P. 54(b) which covers "Judgment Upon Multiple Claims."

claims of the two parties must be held to arise from the same transaction. The claim of appellant attacks the same contract which was the subject matter of appellee's action. The evidence which would support the claim of fraud would have refuted appellee's claim in the former action, and vice versa. Applying the test "in terms of the ultimate wrong sued on" [4] appellant is also left with no standing. Fraud is the "ultimate wrong" on which appellant would have had to rely, either as a defense to the first action, or as a basis of recovery in this one.[5]

█ It has repeatedly been stated that a party who fails to file a compulsory counterclaim in an action against him is barred from later making it the subject of an independent action.[6] Contrary to appellant's argument, this does not have the effect of depriving her of a substantive right. The rule deals solely with the manner of pleading the right. Since appellant had a full opportunity to present her claim of fraud in the former action, she cannot now complain of the result of her election to forego that opportunity.[7]

█ Even if it were held that appellant could overcome the procedural hurdle of rule 13(a), she would still be faced with the more formidable barrier of res judicata. The success of appellant's present action would necessarily depend upon a determination that her contract with appellee was voidable because of fraud. But the default judgment is conclusive upon the point of appellee's right to recover for breach of the same contract. The judgment was inevitably predicated on the theory that the contract was valid; hence the contract could not, in the present action, be held invalid. "* * * res judicata applies not only to points on which the court was actually required to pronounce judgment, but, as well, to every point which properly belonged to the subject of the controversy and which the parties, in the exercise of reasonable diligence, might have brought forward at the time. * * * Nor is it of any consequence that the judgment was entered by default. * * * judgment entered after default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest. * * * " [8]

Affirmed.

4. Gold Seal Co. v. Weeks, supra, note 3.

5. See 1 Barron and Holtzoff, Federal Practice and Procedure, p. 796 (1950).

6. These treatises state the rule: 1 Barron and Holtzoff, Federal Practice and Procedure § 394 (1950); 3 Moore, Federal Practice § 13.12 (second edition); 6 Cyclopedia of Federal Procedure § 16.11 (third edition); 5 Fed.Rules Serv. 807. See also, note, 22 A.L.R.2d 621. Among the cases they cite are: American Mills Co. v. American Surety Co., 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306; Ake v. Chancey, 5 Cir., 149 F.2d 310; Pennsylvania R. Co. v. Musante-Phillips, Inc., D.C.N. D.Cal., 42 F.Supp. 340; Kreitmeyer v. Baldwin Drainage Dist., D.C.S.D.Fla., 2 F.Supp. 208, but see affirming opinion, Florida Nat. Bank of Jacksonville v. Hemphill, 5 Cir., 68 F.2d 785; Marconi Wireless Telegraph Co. v. National Electric Signaling Co., D.C.E.D.N.Y., 206 F. 295.

7. Compare Sinkbeil v. Handler, D.C.D. Neb., 7 F.R.D. 92, 96. See 5 Fed.Rules Serv. 808.

8. Woods v. Cannaday, 81 U.S.App.D.C. 281, 282, 158 F.2d 184, 185. See also, Morris v. Jones, 329 U.S. 545, 550, 67 S.Ct. 451, 91 L.Ed. 488; Thomas v. Marvins Credit, D.C.Mun.App., 76 A.2d 773, 776.