**V. E. M. HOTEL SERVICE, INC.,**
a corporation, Appellant,

v.

**ULINE, INC., a corporation, Appellee.**

Nos. 3133, 3143.

District of Columbia Court of Appeals.

Argued April 8, 1963.

Decided May 17, 1963.

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., Blaine P. Friedlander, and James J. Bierbower, Washington, D. C., were on the brief, for appellant.

Leonard Braman, Washington, D. C., with whom David G. Bress and J. H. Krug, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

These are consolidated appeals, the first, No. 3133, from a judgment upon a jury verdict for Uline, Inc., and the second, No. 3143, from a summary judgment for Uline, Inc., based upon the doctrine of *res judicata.*

### No. 3133

Uline sued V.E.M. to recover damages for expenses incurred in the construction of a

checkroom in reliance upon representations by V.E.M. that it would operate it and pay Uline $4,000 in six instalments, or, in the alternative, for four instalments of rent then due under the agreement with V.E.M. for the operation of the checkroom.

After instructions applicable to reaching a verdict either on the theory of promissory estoppel or breach of contract, the jury found for Uline for V.E.M.'s breach of contract in failing to pay the four instalments of rent due. V.E.M. appealed.

Appellant contends that the trial judge committed a number of prejudicial errors. Its claimed errors appear, however, in the form of unsupported conclusions. Certain evidentiary rulings and jury instructions are also challenged as being error, but we are unable to find these contentions supported by the record.

■ Substantially appellant claims there was no lease-operating agreement with Uline and that the verdict was contrary to the facts and the law. The testimony was lengthy and in great conflict on the facts, but there was sufficient competent evidence upon which the jury could have found that an agreement with mutually-acceptable terms and conditions had been reached by the parties under which V.E.M. was to operate a checkroom upon Uline's premises; that the checkroom was operated by V.E.M. employees for a period of time; that thereafter V.E.M. refused to further carry out its responsibilities under its contract with Uline and without justification breached its agreement by refusing to pay the instalments of rent when due.

■ We have no power to weigh the evidence or to pass upon the credibility of witnesses. That is the function of the jury. Cope Ford, Inc. v. Lastfogel, D.C.Mun.App., 184 A.2d 206. We have no reason to believe from the record that the jury did not follow the comprehensive instructions of the trial judge in returning the verdict in favor of Uline. We cannot disturb that verdict.

No. 3143

In the second suit Uline sought to recover from V.E.M. the last two instalments of rent which had not matured at the time of the first suit. Its motion for summary judgment, on the ground that the prior suit was *res judicata* and thus determinative of its right to recover in the second action, was granted.

■ V.E.M. asserts that certain defenses, i. e., misrepresentation, nondelivery of a copy of the contract, and discharge, were not disposed of by the judgment in the first case.

"* * * [R]es judicata applies not only to points on which the court was actually required to pronounce judgment, but, as well, *to every point which properly belonged to the subject of the controversy and which the parties, in the exercise of reasonable diligence, might have brought forward at the time. * * *"* [Emphasis supplied.] Woods v. Cannaday, 81 U.S.App.D.C. 281, 282, 158 F.2d 184, 185; Emmco Insurance Company v. Brown, D.C.Mun.App., 178 A.2d 429; Comer v. Fistere, D.C.Mun.App., 103 A.2d 206. These defenses, if proved, would have had the effect of making the lease voidable. And yet, this effect would be contrary to the finding in the first case that a valid lease existed. The jury, in finding a valid lease, implicitly took these defenses into consideration and discounted them. Suffice it to say that the first suit estopped these issues from being raised in the later suit.

■ Finally, appellant urges that a judgment being on appeal is deprived of its effect as *res judicata*. It has long been settled in this jurisdiction that where a judgment in one case has been made the basis for a judgment in a second case, the second judgment will stand as *res judicata* although the first judgment be subsequently reversed. Reed v. Allen, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054.

■ Appellant suggests that Rule 62(d) of the Rules of the District of Columbia

Court of General Sessions, which permits the filing of a supersedeas bond, prevents a prior judgment on appeal from having the force of *res judicata*. The mere filing of a supersedeas bond, while staying the execution upon a judgment, does not suspend the operation of the judgment as an estoppel.[1]

V.E.M. had its day in court at the trial of the first suit. It cannot now complain that it should have further opportunity to present anew defenses to the charge of breach of contract. The issue of contract *vel non* was resolved by the jury verdict and judgment of the first suit.

Affirmed.

1. Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725. See also 7 Moore's Fed.Practice, § 62.06 (2d Ed. 1955).