**G. M. P. CORPORATION, a corporation, Appellant,**

**v.**

**H. A. TEMPLETON ROOFING CO., Inc., a corporation, Appellee.**

**No. 3171.**

District of Columbia Court of Appeals.

Argued March 4, 1963.

Decided May 17, 1963.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander and Blaine P. Friedlander, Washington, D. C., were on the brief, for appellant.

William T. Clague, Washington, D. C., with whom Francis C. O'Brien and Allan C. Swingle, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Chief Judge.

While performing certain roofing work on appellant's hotel, appellee negligently allowed tar to run down the water pipes. The tar hardened, clogged the pipes and caused the flooding of apartments in the hotel. Appellant employed a plumbing firm which repaired a clogged six-inch pipe in the basement. Suit was filed November 21, 1960, to recover the cost of the repairs. After several continuances, the case was set for trial November 6, 1961, with the jacket entry, "No further continuances." The trial resulted in a judgment for appellant on its claim.

On December 12, 1961, appellant filed the present action, alleging that "Unknown to the Plaintiff additional damage was done which did not become apparent until long after the filing of the said [first] suit." Testimony at the trial developed that in October 1961 there had been a second flooding at the premises, that the same plumbing firm had been called back and this time dug up an eight-inch pipe, also clogged by tar, which was joined to the previously repaired six-inch pipe. The president of the plumbing firm testified that when he appeared as a witness in the first trial, in November 1961, the work on the eight-inch line had been completed, but that the bill for this work was not rendered until December 7, 1961, after the trial had ended. The trial court held that since appellant knew of the additional work at the time of the first trial, it should have ascertained the additional damage sustained and sought leave of court to amend the original complaint to include the new claim. The second suit, the court ruled, was barred by the doctrine of res judicata, and judgment was entered for appellee. This ruling was correct, and we affirm.

"[R]es judicata applies not only to points on which the court was actually required to pronounce judgment, but, as well, to every point which properly belonged to the subject of the controversy and which the parties, in the exercise of reasonable diligence, might have brought forward at the time." Comer v. Fistere, D.C.Mun.App., 103 A.2d 206, 208, quoting Woods v. Cannaday, 81 U.S.App.D.C. 281, 282, 158 F.2d 184, 185. This was not a case of lack of knowledge or even of constructive knowledge. Appellant had actual knowledge of the additional damage a month before the first trial. With such knowledge appellant should have asked leave to amend to encompass the additional damage. In view of the trial court's Rule

15(a), providing that leave to amend "shall be freely given when justice so requires," surely under these circumstances an amendment would have been allowed. "There is no rule of law which freezes the further development of the case within the limits of plaintiff's knowledge when the complaint was filed." Chamberlin v. United Engineers & Constructors, Inc., D.C.E.D. Pa., 194 F.Supp. 647, 649. If by reason of the amendment a further continuance was necessary for either appellant or appellee to prepare for trial, a continuance could have been sought. The jacket entry of "No further continuances" applied to the posture of the case before the additional damage came to light.

Appellant availed itself of none of these opportunities. Instead it knowingly allowed the first trial to go to judgment and then filed the second action. The judgment barred the prosecution of additional claims arising from the same cause of action.

Affirmed.