**Nathan HABIB, Appellant,**

v.

**Robert M. KEATS, Appellee.**

**No. 5872.**

District of Columbia Court of Appeals.

Argued Oct. 26, 1971.

Decided Feb. 1, 1972.

---

4. Rule 12 deals with presenting defenses and objections.

Kurt Berlin, Washington, D.C., for appellant.

David W. Rutstein, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

This case reaches us after a long history of litigation. It arose out of the attempted sale of a tract of commercial property in Prince George's County, Maryland, owned by appellant Habib and his wife. Appellee Keats is a real estate broker, licensed in the District of Columbia and the State of Maryland, who, in December of 1966, approached Habib about selling the property and was authorized by Habib to act as his agent. Subsequently, a contract of sale was signed.

In November of 1967, Keats sued Habib and his wife in the Circuit Court for Montgomery County, Maryland[1] to recover his brokerage commission due under the contract of sale. The Habibs answered and filed a counterclaim against Keats alleging, in substance, that he had been guilty of fraud, misrepresentation and conspiracy to defraud them. Following a trial on the merits, the court awarded Keats a judgment of $3,500 on the original claim and entered judgment in his favor on the counterclaim. The Habibs appealed this decision to the Maryland Court of Appeals in 1968. However, on Keats' motion, the appeal was subsequently dismissed.

Following his unsuccessful litigation, Habib filed a complaint against Keats with the Maryland Real Estate Commission, which functions as a regulatory agency for the purpose of protecting the public,[2] and has the power to revoke or suspend the licenses of real estate brokers.[3] The complaint alleged that in negotiating the contract of sale Keats had breached his fiduciary duty to Habib and had perpetrated a fraud upon him. After a hearing, in which Habib participated as a complaining witness, the Commission suspended Keats' license for a period of ninety days, finding that he had failed to reveal to Habib the name of a principal in the offer of purchase and that this failure constituted a breach of ethics and a violation of Article 56, § 224(s)[4] of the Annotated Code of Maryland.

Apparently untiring in his efforts, Habib then filed suit against Keats in the District of Columbia Court of General Sessions (now the Superior Court of the District of Columbia) to recover damages for the alleged fraud and breach of fiduciary trust by Keats in the same real estate transaction. The trial court granted Keats' motion to dismiss the complaint on the ground of res judicata since the dispute had been fully adjudicated and a final judgment had been rendered by the Circuit Court for Montgomery County, Maryland. We affirm.

It is well established "that a question of fact or law determined by a court of competent jurisdiction may not afterwards be

---

1. Law No. 22954.

2. Thorpe v. Carte, 252 Md. 523, 250 A.2d 618 (1969).

3. Ann.Code of Maryland 1957, Art. 56, § 224.

4. A license may be revoked or suspended for "[a]ny act or conduct whether of the same or a different character than hereinabove specified which constitutes or demonstrates bad faith, . . . ."

disputed between the same parties or their privies."[5] Parties who have finally litigated issues cannot continue to relitigate them in the same or other courts, else there would be no end to litigation,[6] and while it is important to assure that a party have his day in court,[7] once he has had an opportunity to prove a claim and has failed no retrial on the merits of that claim should be allowed.[8]

It is obvious that appellant Habib has had full opportunity to air his grievance against Keats in a court of law. Although there are slight differences in terminology in the complaint filed in the Maryland suit and the one now before us, there can be no doubt that the material allegations in both suits are the same. That the causes of action are worded somewhat differently, that the damages requested are for different amounts, and that Mrs. Habib is not a party to the District of Columbia suit do not demonstrate that different issues are presented. Both causes of action rest on the alleged fraud and misrepresentation of appellee Keats in failing to disclose the true identity of the buyer he procured for Habib's land and in representing to Habib that the size of the property was greater than it actually was. These and all other factual questions stemming from the transaction between the parties were disposed of by the Maryland court for, as was said in Woods v. Cannaday, 81 U.S.App.D.C. 281, 282, 158 F.2d 184, 185 (1946):

> We have held often enough not to require repetition that res judicata applies not only to points on which the court was actually required to pronounce judgment, but, as well, to every point which properly belonged to the subject of the

controversy and which the parties, in the exercise of reasonable diligence, might have brought forward at the time. [Citations omitted.]

The propriety of Keats' conduct properly belonged to the subject of the controversy at issue before the Maryland court. Indeed, it was specifically raised by the Habibs' counterclaim. Of necessity, that court must have considered the issue in passing on Keats' right to receive a commission for it is a well established proposition, in Maryland as in the District of Columbia, "[t]hat a broker may forfeit his right to compensation by misconduct, breach of duty, or lack of good faith . . . ."[9] Accordingly, the trial court was correct in holding that the doctrine of res judicata was a bar to this action.[10]

*Affirmed.*

5. Randolph v. District of Columbia, D.C. Mun.App., 156 A.2d 686, 688 (1959).

6. Gullo v. Hirst, D.C.App., 207 A.2d 662, 663 (1965).

7. Gullo v. Hirst, 332 F.2d 178, 179 (4th Cir. 1964).

8. Lober v. Moore, 135 U.S.App.D.C. 146, 417 F.2d 714 (1969).

9. Sellner v. Moore, 251 Md. 391, 247 A.2d 523, 527 (1968). *See also* Thorpe v. Carte, *supra* note 2.

10. We reject appellant's curious argument that we are bound to give res judicata effect to the findings of the Real Estate Commission rather than to the findings of the Maryland court.