Frances M. STOLAR, Appellant,

v.

Robert STOLAR, Appellee.

No. 10191.

District of Columbia Court of Appeals.

Submitted April 7, 1976.

Decided June 28, 1976.

Elizabeth Guhring, Washington, D.C., was on the brief for appellant.

Charles H. Mayer, Washington, D.C., was on the brief for appellee.

Before KELLY, FICKLING and NE-BEKER, Associate Judges.

FICKLING, Associate Judge:

This is an appeal by appellant-wife from the dismissal of her complaint for absolute divorce because she failed to assert her complaint as a compulsory counterclaim in a previous, unsuccessful divorce action brought by appellee-husband. The sole issue raised on appeal is whether the trial court erred by granting appellee's motion to dismiss. We affirm.

The parties were married on August 23, 1945. In the early fall of 1973, the husband indicated his desire to live separately and moved out of the family residence. On January 22, 1975, the husband filed a complaint for absolute divorce, alleging voluntary separation for more than one year without cohabitation. In her answer, the wife stated that the separation was not voluntary. Specifically, she averred:

> [T]he parties lived and cohabited together until some time in early October of 1973 when the Plaintiff advised the Defendant that he wished his freedom and thereupon against the wishes of the Defendant and with no cause or reason therefor, moved from the family home of the parties. He continued to the present to visit and associate with the Defendant who has continually requested him to return to a full family arrangement at the family home.

The wife did not assert a counterclaim for divorce. Instead she sought a dismissal of her husband's complaint and prayed for an award of separate maintenance and a division of property.[1]

After hearing the evidence, the court below, by its Order of June 12, 1975, ruled against the husband. In denying the divorce, the court determined that the separation was not mutually voluntary. Rather, the court ruled the husband made a unilateral decision to leave, without any acquiescence by the wife.

Thereafter, on July 18, 1975, the wife filed a complaint for absolute divorce on the ground of desertion continuing for more than one year. In her complaint, the wife averred:

> During the month of October, 1973, Defendant, without cause or justification departed from the marital home of the parties with the intent to end the marriage. Despite the continued entreaties of Plaintiff, who has always been a kind, dutiful and chaste wife, Defendant has refused to resume the marital relationship, although he continues to visit the home from time to time.

The husband filed a motion to dismiss the complaint on the ground that it constituted a compulsory counterclaim which should have been adjudicated in the former divorce action. The trial court granted the motion to dismiss, and this appeal followed.

■ First, appellant contends that the compulsory counterclaim rule is inapplicable and inappropriate in the context of divorce proceedings. We disagree. Although this is a case of first impression in this jurisdiction,[2] we conclude that, based on the clear language of the rules governing domestic relations proceedings in Superior Court, the compulsory counterclaim

---

1. The trial court bifurcated the proceeding and considered only the issue of divorce.

2. There is a paucity of case law on this issue in other jurisdictions. However, we did locate one case in which it was held that the compulsory counterclaim rule requires a defendant, when sued for divorce, to file a counterclaim for divorce on pain of losing his cause of action. *See Joneson v. Joneson*, 249 Iowa 343, 86 N.W.2d 877 (1957).

rule is operative in divorce actions in the District of Columbia. Super.Ct.Dom.Rel.R. 13(a), which is identical to Super.Ct.Civ.R. 13(a), provides in pertinent part:

> *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
>
> . . .

Moreover, this rule is expressly made applicable to "actions for divorce from the bond of marriage." Super.Ct.Dom.Rel.R. 1. Accordingly, pursuant to the clear language of the above rules, the compulsory counterclaim rule applies in divorce actions in the District of Columbia.

■ Appellant further contends that the application of Rule 13(a) in divorce proceedings contravenes that public policy favoring the preservation of marriage. Specifically, appellant contends that the compulsory counterclaim rule *compels* an innocent spouse, desiring reconciliation, to assert a counterclaim for divorce if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

We would note only that, contrary to appellant's argument, Rule 13(a) does not *force* a spouse to assert any existing compulsory counterclaim when sued for divorce. A spouse wishing to attempt a reconciliation may well choose not to assert a compulsory counterclaim. Rule 13(a) does not deprive the spouse of this option. Rather, the compulsory counterclaim rule deals solely with the procedural manner in which that specific claim is to be asserted, if at all. *See Comer v. Fistere,* D.C.Mun. App., 103 A.2d 206, 208 (1954). Moreover, the procedure established in Rule 13(a) is consistent with the policy set forth in Super.Ct.Dom.Rel.R. 1, which states that the domestic relations rules "shall be construed to secure the just, speedy and inexpensive determination of every action."

■ Finally, appellant contends that her claim did not constitute the subject matter of a compulsory counterclaim which would be waived if not asserted in the first action. We disagree.

Appellant's claim clearly arose out of the same transaction or occurrence which was the subject matter of the husband's previous divorce action. The courts have given the phrase "transaction or occurrence" a broad, realistic interpretation in the interest of avoiding a multiplicity of suits. *See, e. g., Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L. Ed. 750 (1926), as cited in *Comer v. Fistere, supra* at 207; 3 J. Moore, Federal Practice § 13.13 at 300 (Supp.1975). Moreover, the courts have variously described claims arising from the same transaction as including those arising from logically related occurrences [3] and those which may be supported or refuted by the same evidence.[4] In the instant case, the gravamen of the husband's unsuccessful divorce action was an alleged voluntary separation commencing in October of 1973.[5] The wife's subsequent action for divorce was based on an alleged desertion occurring in October of 1973. Clearly, under either of the tests enunciated above, the claims of the husband and wife arose from the same transaction.

■ Furthermore, we reject appellant's contention that she did not have a

---

3. *Moore v. New York Cotton Exchange, supra.*

4. *Williams v. Robinson,* 1 F.R.D. 211 (D.D.C. 1940).

5. In his original complaint, the husband alleged that the separation commenced on August 15, 1973. At trial, however, the husband apparently conceded that this date was in error and that the actual separation date was in October of 1973.

claim for desertion at the time she served her responsive pleading in her husband's divorce action. Specifically, the wife contends that, at the time her pleading was served, she was not aware of her husband's intention never to return to the marital abode.[6] We can only conclude that by filing his action for divorce, the husband clearly manifested his intention to sever the marriage bond.

Accordingly, we affirm.

*Affirmed.*

6. Desertion contemplates a voluntary separation of one party from the other without justification, an intention not to return, and the absence of consent or connivance of the other party. *Hales v. Hales*, D.C.App., 207 A.2d 657, 659 (1965); *Stephenson v. Stephenson*, D.C.App., 191 A.2d 248 (1963).