## GENERAL CASUALTY CO. OF AMERICA v. FEDOFF.

United States District Court
S. D. New York.
Feb. 1, 1951.

178

Gay & Behrens, New York City (Mack Kreindler, New York City, of counsel), for plaintiff.

Harry D. Graham, New York City, for defendant.

COXE, District Judge.

This is a motion by plaintiff for an order dismissing the counterclaim in defendant's answer as insufficient in law. The complaint alleges that the Gung Ho Restaurant, Inc., which operated a restaurant at 2536 Broadway, New York City, duly secured compensation to its employees under the Workmen's Compensation Law of New York, McK.Consol.Laws, c. 67, by insuring the payment of such compensation with plaintiff; that on May 17, 1948, one Harry Wong, who was one of its employees, was seriously injured in the course of his employment by the negligence or wrong of the defendant; that on June 10, 1949 the New York Workmen's Compensation Board duly made an award of compensation to Wong of over $5,000, which plaintiff has paid; that Wong accepted the award and did not commence an action against defendant within six months after the award or within one year after the accrual of the cause of action, and that by reason thereof the cause of action against the defendant was assigned to plaintiff by operation of law. Damages in the sum of $60,000 are sought.

The counterclaim alleges that Wong managed and controlled the restaurant; that on May 17, 1948 defendant was lawfully on the premises as the guest and invitee of Gung Ho Restaurant; that Wong, without justification or provocation, maliciously assaulted the defendant in concert with other employees, and caused him to suffer severe bodily injuries; that if plaintiff is subrogated to any right of action of Wong and Gung Ho Restaurant, it is likewise subrogated to their liabilities, and that Wong and

Gung Ho Restaurant are necessary parties to the action and the counterclaim.

Judgment in the sum of $100,000 is demanded and also an order, or the issuance of process, directing Wong and Gung Ho Restaurant to appear and answer the complaint and the counterclaim.

■. It is apparent from these pleadings that on May 17, 1948 there was an altercation between Fedoff, the defendant, and Wong, and that both suffered physical injuries as the result. Plaintiff sues in this action, as subrogee of Wong, to recover the compensation it has paid to Wong and damages for Wong's personal injuries caused by Fedoff, and Fedoff in his counterclaim seeks to recover damages for his personal injuries inflicted by Wong. This is obviously a compulsory counterclaim within the meaning of Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for Fedoff's claim arose out of the same transaction or occurrence that is the subject matter of plaintiff's claim, as subrogee of Wong. Lesnik v. Public Industrial Corporation, 2 Cir., 144 F.2d 968, 975. As a compulsory counterclaim, it must be asserted, or, if not, it is waived.

■ Under Section 29 of the New York Workmen's Compensation Law, plaintiff, upon the failure of Wong to bring an action within the period specified, became a statutory assignee of his cause of action and was subrogated to his rights and became subject to all the defenses, counterclaims and liabilities which might be asserted against him. Therefore, the counterclaim is not insufficient in law, and plaintiff's motion to dismiss it is denied.

■ Defendant alleges in his counterclaim, however, that Wong and Gung Ho Restaurant are necessary parties to the action and the counterclaim, and asks, in the alternative, for an order, or the issuance of process, directing them to appear and answer the complaint and counterclaim. I think that their presence is necessary for the granting of complete relief to Fedoff, and that they should be brought in as defendants under Rule 13(h) and directed to answer the complaint and counterclaim.