**FIREMEN'S INSURANCE COMPANY OF NEWARK, a corporation, et al., Appellants,**

v.

**L. P. STEUART & BRO., INC., a corporation, Appellee.**

**No. 2422.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1960.

Decided March 17, 1960.

Rehearing Denied April 5, 1960.

---

1. 3 Moore, Federal Practice § 14.06 (2d ed. 1948).

2. See 30A, Am.Jur., Judgments § 430 (1958). See also, 1 Harper & James, Torts § 10.1 at 700 (1956).

Earl H. Davis, Washington, D. C., for appellants.

Harry L. Ryan, Jr., Washington, D. C., for appellee L. P. Steuart & Bro., Inc.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

█ This appeal is from a summary judgment in favor of appellee-defendant L. P. Steuart & Bro., Inc., hereafter called Steuart. Appellants-plaintiffs are nine insurance companies which paid fire losses incurred by Crusty Pie Company, Inc., hereafter called Crusty. Appellants, as subrogees of Crusty, sought to recover from Steuart the amounts they paid Crusty, alleging that the fire losses were due to the negligence of Steuart.

· The undisputed facts are these: Steuart's gasoline tank truck was refueling an underground storage tank on the premises of Crusty when an explosion and fire occurred resulting in damages to Crusty's property as well as the adjoining property. Dorsch, one of the adjoining owners whose property was damaged, brought an action in the District Court of the United States for the District of Columbia against Steuart to recover for such damages. Steuart filed a third-party complaint against Crusty, alleging that the explosion and fire were due to the negligence of Crusty, and asking judgment against Crusty for the amount of any judgment obtained by Dorsch against Steuart.

Crusty failed to answer Steuart's third-party complaint and entry of default was accordingly made. Two months later a judgment by consent was entered in favor of Dorsch against Steuart in the sum of $5,000; and on the same day judgment in a like amount was entered in favor of Steuart on its third-party complaint against Crusty. Thereafter Steuart paid Dorsch's judgment. Crusty sought unsuccessfully to set aside the default judgment against it, and failing in this noted an appeal. However, this appeal was dismissed before hearing and Crusty paid Steuart's judgment.

The present action was filed after the entry of default had been made against Crusty in the District Court. The trial court ruled, and correctly so we think, that the present action is barred by the default of Crusty in the District Court action.

Appellant insurance companies, as subrogees of Crusty, had the right to bring this action in their own names,[1] but as subrogees they had no greater rights than Crusty, and if in the absence of subrogation Crusty would be barred from bringing this action, they likewise are barred.

 When Steuart filed its third-party complaint in the District Court action seeking indemnification from Crusty, Steuart and Crusty became opposing parties and it was incumbent on Crusty to assert any compulsory counterclaim it then had against Steuart or be barred from thereafter asserting it. Fed.R.Civ.P. rules 13 and 14, 28 U.S.C.A.; 3 Moore, Federal Practice § 14.17 (2d ed.). Crusty's claim against Steuart, the right now being asserted by the subrogees, obviously existed when Crusty was served with the third-party complaint and obviously its claim arose out of the same occurrence that was the subject matter of Steuart's claim. Thus Crusty's claim was a compulsory counterclaim and it was not asserted. " * * * whenever a compulsory counterclaim is not

pleaded in an action when it should have been pleaded the judgment entered in that action is clearly *res judicata* as to the merits of the unpleaded counterclaim." United States v. Eastport Steamship Corp., 2 Cir., 255 F.2d 795, 805. See also 3 Moore, Federal Practice § 13.12 (2d ed.).

The judgment against Crusty in the District Court action was by default, but "Judgment entered after default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest." Woods v. Cannaday, 81 U.S. App.D.C. 281, 282, 158 F.2d 184, 185. See also Comer v. Fistere, D.C.Mun.App., 103 A.2d 206. By its default Crusty failed to assert the claim now being asserted by the insurance companies. Crusty is barred from doing so, and so are its subrogees.

Affirmed.

1. United States v. Aetna Casualty & Surety Company, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444.