331 F.2d 325
 The FIRST NATIONAL BANK IN DODGE CITY, Dodge City, Kansas, Appellant,
v.
The JOHNSON COUNTY NATIONAL BANK AND TRUST COMPANY, Executor of the Estate of L. Leo Burns (Substituted Plaintiff), Oscar M. Wilson and Charles T. Skinner, Co-Partners, d/b/a Burns-Wilson-Skinner Livestock Commission Company, and Harold Thompson, Appellees.
 No. 7493.
 United States Court of Appeals Tenth Circuit.
 May 6, 1964.
 
 Stuart S. Gunckel, Denver, Colo. (James A. Williams, Dodge City, Kan., George Stallwitz, Wichita, Kan., Alfred Kuraner and Charles F. Lamkin, Jr., Kansas City, Mo., on the brief), for appellant.
 James F. Duncan, Kansas City, Mo. (A. C. Cooke, II, Kansas City, Kan., and Russell W. Baker, Kansas City, Mo., on the brief), for appellees.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 The appeal is from an order entered in the court below denying leave to file a counterclaim in a statutory interpleader suit brought under 28 U.S.C.A. § 1335.
 
 
 2
 The pertinent history of the litigation must be recited. The action was brought by L. Leo Burns, Oscar M. Wilson and Charles T. Skinner, a co-partnership doing business as Burns-Wilson-Skinner Livestock Commission Co., and Harold Thompson (hereinafter referred to as plaintiffs). Thompson is a livestock dealer and the co-partnership is his broker, both operating at the Kansas City stock-yards. The two parties engaged in certain cattle sales at the Kansas City stockyards on behalf of one Everett Robinson of Ness City, Kansas. Before the proceeds from such transactions were transmitted to Robinson, he was adjudicated a bankrupt and certain of his creditors asserted claims to the proceeds. The total amount of the claims asserted were in excess of the amount of the proceeds from the sale of the cattle. Consequently, the plaintiffs instituted this statutory interpleader action and deposited the proceeds or funds into the registry of the court. The plaintiffs make no claim to any part of the funds so deposited and are in the position of mere disinterested stakeholders. All known parties asserting a claim against the funds at that time were made parties defendant.
 
 
 3
 Thereafter, the appellant, The First National Bank in Dodge City, Dodge City, Kansas, filed an application seeking to intervene in the interpleader suit as a party defendant and assert a claim to the funds deposited in the registry of the court by the plaintiffs. At this same time, appellant sought leave of the court to file a counterclaim against the plaintiffs. This counterclaim is bottomed upon an alleged conspiracy between the plaintiffs and others to defraud appellant and purports to have its legal basis in the Packers and Stockyards Act of 1921, as amended, 7 U.S.C.A. § 181 et seq.
 
 
 4
 The lower court permitted appellant to intervene in the suit and assert its claim against the funds; but, held that since the plaintiffs were mere stakeholders and had not asserted any claim to the funds or sought any relief against the appellant, they were not "opposing parties" within the meaning of Rule 13, F.R.Civ.P., 28 U.S.C.A.,[1] governing the procedure with respect to the filing of compulsory and permissive counterclaims. The court therefore concluded that the proposed "counterclaim" was not proper in the interpleader action and denied appellant leave to file it. Subsequently and upon motion by the appellant, an order was entered pursuant to Rule 54(b), F.R.Civ.P., 28 U.S.C.A., purporting to be a final judgment insofar as leave to file the proposed counterclaim was concerned.
 
 
 5
 Appellees first move to dismiss the appeal on the ground that the order denying leave to file the proposed counterclaim is not a "final decision" within the purview of 28 U.S.C.A. § 1291. It is well settled that a Court of Appeals has jurisdiction to review only final decisions of the district courts. Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275; Atchison, Topeka and Santa Fe Railway Co. v. Jackson, 10 Cir., 235 F.2d 390; Long v. Union Pac. R. Co., 10 Cir., 206 F.2d 829. A decree or decision is final, for the purposes of an appeal, "* * * when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined. * * *" St. Louis, I. M. & S. R. Co. v. Southern Express Co., 108 U.S. 24, 28, 2 S.Ct. 6, 8, 27 L.Ed. 638. See also Parr v. United States, 351 U.S. 513, 518, 76 S.Ct. 912, 100 L.Ed. 1377. As this court said in Reconstruction Finance Corp. v. Service Pipe Line Co., 10 Cir., 206 F.2d 814, 816, a final and appealable order is "* * * one which gives all contemplated relief, provides with reasonable completeness for giving effect to the judgment, and leaves nothing to be done in the case save to superintend, ministerially, the execution of the decree. * * * If anything remains but to execute the judgment or decree, it is not deemed final and appealable. * * *"
 
 
 6
 It is clear that the order appealed from did not terminate the action between the parties to the proposed counterclaim, but merely denied appellant the right to assert it in the interpleader action. That aspect of the matter remains undecided on the issues involved therein and does not under any consideration amount to a decision on the merits. The very fact that appellant could, as it did, commence a separate action in another forum demonstrates conclusively that there has been no decision on the merits. And, the fact that judgment was entered pursuant to Rule 54(b) does not alter the situation since that rule "* * * scrupulously recognizes the statutory requirement of a `final decision' under § 1291 as a basic requirement for an appeal to the Court of Appeals. * * *" Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297.
 
 
 7
 We conclude that the lower court's order denying leave to file the purported counterclaim is not a final decision or an appealable order. This conclusion finds additional support in the cases holding that an order sustaining or denying a motion to dismiss a counterclaim is not an appealable order. See, e. g., Shwab v. Doelz, 7 Cir., 229 F.2d 749; Bush v. United Benefit Fire Insurance Company, 5 Cir., 311 F.2d 893; Nachtman v. Crucible Steel Co. of America, 3 Cir., 165 F.2d 997; Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F.2d 814, cert. denied, 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630; Toomey v. Toomey, 80 U.S.App.D.C. 77, 149 F.2d 19. And, finally, it has been held that an order denying leave to file a counterclaim is not a final decision so as to be appealable under § 1291. National Machinery Company v. Waterbury Farrel Foundry & Mach. Co., 2 Cir., 290 F.2d 527.
 
 
 8
 However, assuming arguendo, that the order is a final decision, we agree with the court below that the plaintiffs are not "opposing parties" within the meaning of Rule 13. We think the rule, by its express terms, means that an "opposing party" must be one who asserts a claim against the prospective counter-claimant in the first instance. The very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it. Kauffman v. Kebert, 16 F.R.D. 225 (W.D.Pa. 1955), appeal dismissed, 3 Cir., 219 F.2d 113. There is no assertion of such a claim in this case.
 
 
 9
 The appeal is dismissed.
 
 
 
 Notes:
 
 
 [1]
 Rule 13, insofar as pertinent, provides:
 "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, * * *.
 "(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."