## GREAT AMERICAN INSURANCE COMPANY, Plaintiff-Appellant,

v.

## UNITED STATES of America, Defendant-Appellee.

## No. 734, Docket 77-6201.

United States Court of Appeals, Second Circuit.

Argued March 16, 1978.

Decided April 21, 1978.

1032

Lawrence S. Greengrass, New York City (Rein, Mound & Cotton, New York City, Arthur N. Brook, New York City, of counsel), for plaintiff-appellant.

Elaine C. Buck, Asst. U. S. Atty., Brooklyn, N.Y. (David G. Trager, U. S. Atty., E. D. N.Y., Mary McGowan Davis, Asst. U. S. Atty., Brooklyn, N.Y., of counsel), for defendant-appellee.

Before GEWIN,* and MULLIGAN, Circuit Judges, and MILLER, Judge.**

MULLIGAN, Circuit Judge:

This appeal involves an issue of law apparently never litigated in this circuit and although its resolution is not difficult, its novelty and importance require discussion. The facts are not in issue. The appellant Great American Insurance Company (Great American) issued a New York State Standard Fire Insurance Policy [1] upon premises in West Hempstead, New York protecting the interests of its named insureds, the owner and mortgagees. The rent paying tenants of the premises were allegedly government witnesses under the protection of United States Marshals. Early in the morning of January 6, 1973 the tenants, presumably for security purposes, moved from the premises while allegedly under the direction and supervision of the Marshals. In the process they allegedly removed numerous fixtures and extensively damaged the insured premises. The owner made a claim under the policy which Great American rejected. The owner and mortgagees thereupon commenced an action in the state

---

* Hon. Walter P. Gewin, United States Circuit Judge for the Fifth Circuit, sitting by designation.

** Hon. Jack R. Miller, Judge, U.S. Court of Customs and Patent Appeals, sitting by designation.

1. The provisions of the New York State Standard Fire Insurance Policy are set forth in N.Y. Ins. Law § 168 (McKinney Supp. 1977).

court to recover their loss under the terms of the policy. Great American ultimately settled the claim for $18,699.80 on December 15, 1975. The insurer, having paid the claim, in turn made a written claim for reimbursement against the United States on May 21, 1976. That claim was denied on November 10, 1976 by the Director of the United States Marshals Service, Department of Justice, on the ground that investigation revealed no evidence of negligence or wrongful acts on the part of its personnel.

Great American thereupon brought an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* in the United States District Court, Eastern District of New York on December 15, 1976 claiming to be subrogated *pro tanto* to the rights of the insured owner and mortgagees. On March 18, 1977 the United States filed a motion to dismiss on the ground, *inter alia*, that the action was barred by 28 U.S.C. § 2401(b)[2] since it was commenced more than two years after the alleged negligent acts or omissions had occurred. While the motion was pending, Great American on March 31, 1977 filed an amended complaint in which it urged as an additional cause of action that the United States was liable "by way of indemnity." In his opinion of November 1, 1977, District Judge George C. Pratt dismissed the amended complaint finding that the claim asserted was not one for indemnity but a claim for property damage based on plaintiff's subrogation rights as an insurer. Judge Pratt held that since that cause of action accrued when the damage occurred and not when the plaintiff paid the loss, the claim was barred by § 2401(b). Appellant appeals from this order. We agree with the district court and affirm the order dismissing the complaint.

The parties to this appeal are in agreement that if the appellant insurer's claim is only as a subrogee of its insured, then its rights here are limited to those of its subrogor and its claim is time-barred in this case. The only issue then is whether Great American's claim arises solely out of its derivative right of subrogation or is supplemented by an independent claim for indemnification.

There is a subrogation clause in the Standard Fire Insurance Policy (lines 162–165), N.Y. Ins. Law § 168 (McKinney Supp. 1977), which permits the carrier to require an assignment of all right of recovery against any party for loss to the extent that payment is made by the insurer. In fact the sole basis for the complaint initially filed in this litigation was the traditional assertion of Great American's subrogation rights. Faced with the motion to dismiss because such an action was clearly time-barred, however, appellant raised the alternate claim for indemnification in its amended complaint. This cause of action is based on the theory that a claim resting upon an implied contract of indemnity accrued to Great American upon payment of the claim to its insureds. The theory is admittedly novel. There is not a single reported case in American jurisprudence cited by appellant or discovered by this court which holds that upon an insurance carrier's payment to its insured, the insurer becomes vested with a claim arising out of an implied contract of indemnity with the tortfeasor who caused the damage necessitating payment by the carrier to the insured. On the contrary, the authorities and the cases unanimously hold that the insurer's recovery is premised exclusively upon subrogation[3] which, while

**2.** 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

**3.** *E. g., St. Louis, I.M. & S. Railway Co. v. Commercial Union Insurance Co.*, 139 U.S. 223, 235, 11 S.Ct. 554, 35 L.Ed. 154 (1890); *Williams v. Globe Indemnity Co.*, 507 F.2d 837 (8th Cir. 1974), cert. denied, 421 U.S. 948, 95 S.Ct. 1679, 44 L.Ed.2d 101 (1975); *Liverpool & London & Globe Insurance Co. v. Otis Elevator Co.*, 175 F.2d 832 (4th Cir. 1949); 6 Couch, Insurance 2d § 61:230 at 367 (1966); W. Vance, Vance on Insurance § 134 (3d ed. 1951); see *Meredith v.*

equitable in nature, is also expressly provided for in the insurance contract here.

The Standard Fire Insurance Policy itself is, of course, a contract of indemnity, but it runs between Great American and its named insureds.[4] The United States is not a party to that contract of indemnity and the insurer's right as a compensated indemnitor to recover the loss it has incurred is fixed by the policy's subrogation clause, which in effect makes Great American an assignee subject to whatever defenses the tortfeasor may have against the insured. As Professor Vance has pointed out:

In fire insurance . . . the insurer, upon paying to the assured the amount of a loss of the property insured, is doubtless subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss. But the right of the insurer against such other person does not rest upon any relation of contract or of privity between them. It arises out of the nature of the contract of insurance as a contract of indemnity, and is derived from the assured alone, and can be enforced in his right only.

Vance on Insurance, *supra*, at 787 n. 2, quoting *St. Louis, I.M. & S. Railway Co. v. Commercial Union Insurance Co., supra*, 139 U.S. at 235, 11 S.Ct. 554.

Appellant here has confused the principle of indemnity which underlies subrogation with an implied action for indemnification—which is completely distinguishable.

By the subrogation of the insurer is meant the substitution of the insurer in place of the insured for the purpose of claiming indemnity from a third person for the loss covered by insurance.

E. Patterson, Essentials of Insurance Law, 147, 148 (2d ed. 1957) (emphasis omitted). Subrogation, therefore, is based upon the principle of indemnity but is an exclusively derivative remedy which depends upon the

claim of the insured and is subject to whatever defenses the tortfeasor has against the insured. E. g., Vance on Insurance, *supra*, § 134.

On the other hand, the obligation to indemnify another is defined by § 76 of the Restatement of Restitution.

A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.

In comment b of § 76 those situations to which the rule of indemnity is inapplicable are described.

The rule does not apply to a payment by a person who guarantees or *insures another* against a payment for which the guarantor or insurer is not himself liable since the duty of indemnity and *the right to subrogation of such persons are wholly dependent upon the contract or agreement with the other.*

(Emphasis supplied).

The insurer's right to indemnity here is, as we have pointed out, fixed by the contract of insurance. Because that right is based upon subrogation it is limited to the claim which its insured has against the United States. Moreover, since the right is expressed in the contract there is no reason for any court to imply a contract of indemnity in favor of the insurer.

The distinction between the rights of indemnification and subrogation has been implicitly recognized in the major case in point relied upon by the court below and by the United States on this appeal. In *Williams v. Globe Indemnity Co., supra,* the appellant Williams was an employee whose employer was covered by a blanket crime policy issued by the Globe Indemnity Company. Williams' embezzlement of his em-

---

*The Ionian Trader,* 279 F.2d 471, 474 (2d Cir. 1960); *Ocean Acc. and Guar. Corp. v. Hooker Electrochemical Co.,* 240 N.Y. 37, 47–49, 147 N.E. 351, 353 (1925).

4. Whatever erosion has been made upon the concepts of indemnity and the personal nature of the insurance contract are not here pertinent. See R. Keeton, Insurance Law, at 92 *et seq.* (1971).

ployer's funds was discovered on March 12, 1970 and the carrier made payment to the employer on August 30, 1970. Globe then brought a diversity action against Williams on June 7, 1973 which was held by the circuit court to be time-barred under the applicable three year state statute of limitations. Globe argued, as the carrier does here, that its cause of action was in indemnity and thus accrued not at the time of the discovery of the embezzlement but at the time of payment. Hence, asserted Globe, the claim was not time-barred. The court rejected this contention. It found that Globe possessed no separate right of indemnification; rather, it could assert only those subrogation rights derived from Williams' employer. Consequently, the insurer's cause of action was time-barred. Id. at 839–40. See *American States Insurance Co. v. Williams*, 151 Ind.App. 99, 278 N.E.2d 295, 300 (1972); *Insurance Co. of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971).

■ The cases on which Great American relies all involve situations where an innocent party has become subject to liability by virtue of a special relationship which creates liability without fault, where a statute has imposed liability, or where one tortfeasor's fault substantially overshadows that of another. In those cases upon discharge of such liability the innocent party by operation of law is entitled to indemnity to the extent that he discharges the liability. See, e. g., Restatement of Restitution, §§ 94–98; J. Dooley, 1 Modern Tort Law: Liability & Litigation § 26.07 et seq.; 28 N.Y. Jurisprudence, Indemnification §§ 11–12.

■ There is no occasion to create any remedy here since the Standard Fire Insurance Policy by its terms has provided that the insurance company, upon paying its insured, becomes subrogated to the rights of the insured against the tortfeasor. The insurance carrier's relationship with his insured is not one imposed by operation of law or statute; it is a contractual relationship in which the carrier has deliberately accepted a risk for a fee. Thus, the metes and bounds of his indemnification are properly fixed by the terms of his contract.

The appellant claims that the result here was unjust since by the time his subrogation remedy accrued the statute had run. This of course is true in many cases—if the insurer resists any claim by reason of lack of coverage, misrepresentation, breach of warranty or whatever defense it may choose to rely upon, it always runs the risk that its delay will permit the statute to run.

The appellant here is of course compensated for insuring risks. Presumably it is fully conversant with the terms of the Standard Fire Insurance Policy and recognizes that any delay may jeopardize its right to obtain indemnity from a third party by reason of statutory time bars. If these prove to be onerous the remedy is legislative and certainly not the judicial creation of the unprecedented remedy urged upon us.

The judgment is affirmed.