[No. 10732–9–III.   Division Three.   June 18, 1991.]

NANCY'S PRODUCT, INC., *Respondent,* v. FRED MEYER, INC., *Petitioner.*

646

*F. Joe Falk, Jr.,* and *Walters, Whitaker, Finney & Falk,* for petitioner.

*David H. Putney* and *Putney Law Offices,* for respondent.

THOMPSON, J.—Fred Meyer, Inc., seeks discretionary review of the denial of its summary judgment motion to dismiss the lawsuit brought by Nancy's Product, Inc. (Nancys). The denial was conditioned upon reduction of any judgment Nancys recovered by the amount awarded Bette Bergin in a prior lawsuit. We affirm the denial of summary judgment but reverse the setoff condition.

Nancys was incorporated in Washington in 1986 as "Nancys' Product, Inc." It produced and marketed a variety of food products, including salads. Nancys and Fred Meyer, Inc., entered into an oral agreement whereby Fred Meyer would produce and help market a salad called "Nanna's Favorite Salad". The salad, previously test marketed by Nancys, was to be made in accordance with established instructions.

## Bergin Lawsuit

On May 8, 1987, Bette J. Bergin (Bergin) filed a lawsuit against Nancys in Yakima County Superior Court. Bergin had been assigned Fred Meyer's open account with Nancys. The $11,680.27 open account resulted from the sale of salads by Fred Meyer to Nancys.

Bergin moved for summary judgment. Before the motion was heard, Nancys answered the complaint, denied any balance was owed, and counterclaimed for damages against Fred Meyer (a nonparty), for improper preparation of the salads. Nancys then moved for dismissal under CR 17, arguing Fred Meyer had not been joined as the real party in interest. Alternatively, Nancys requested an order requiring the joinder of Fred Meyer.

Nancys' motion was argued on December 11, 1987. The court ruled the assignment was permitted and, if Nancys had a defense or counterclaim, it could assert it as a means to avoid collection although neither a defense nor counterclaim was required. The court further ruled that although Nancys could join Fred Meyer as a party, it would not order Fred Meyer joined as a plaintiff, nor would it dismiss the lawsuit. Fred Meyer was not joined by Nancys.

Nancys did not appear at the hearing on Bergin's motion for summary judgment. On June 30, 1988, a $16,104.61 judgment (principal plus interest and costs) was entered against Nancys in favor of Bergin.

## Nancys Lawsuit

On March 3, 1989, Nancys brought this lawsuit against Fred Meyer. Nancys alleged it sustained damages as a

result of the negligent preparation and storage of "Nanna's Favorite Salad". Fred Meyer moved for summary judgment of dismissal, arguing Nancys' claim was a compulsory counterclaim in the Bergin lawsuit and barred by the doctrine of res judicata. On February 1, 1990, the court denied the motion, but ruled if Nancys recovered a judgment, the amount then owing on the Bergin judgment should be set off against it. The court's decision was based on the following conclusions:

1. The plaintiff's claim in this action and its counterclaim in the first action are logically related as they arose out of the same transaction;

2. Because the counterclaim in the first action by the plaintiff herein exceeded the claim being made therein by the plaintiff assignee, the presence of Fred Meyer, Inc. was necessary for there to be a complete adjudication of the counterclaim;

3. The court could have acquired jurisdiction over Fred Meyer, Inc. in the first action;

4. The plaintiff herein could have joined Fred Meyer, Inc. as an additional party to the first action under CR 13(h) but was not required to do so in order to assert [its] counterclaim defensively as a setoff claim under CR 13(j);

5. The counterclaim by the plaintiff herein in the first action was compulsory under CR 13(a) to the extent of its setoff claim but was permissive under CR 13(b) to the extent that it exceeded the setoff claim;

6. The defendant's motion for summary judgment should be denied; provided, however, that if the plaintiff recovers a judgment herein against the defendant for damages, there should be set off and deducted therefrom, based upon collateral estoppel, the sum then owing to the defendant under the summary judgment which was entered in the first action on June 30, 1988, including accrued interest; and

7. The doctrine of *res judicata* does not apply to bar the plaintiff's claim in this action because its excess counterclaim in the first action was permissive and not compulsory and, therefore, it was not required to join Fred Meyer, Inc. in the first action, . . ..

Fred Meyer moved for discretionary review of the order denying its motion for summary judgment. We granted review.

First, Fred Meyer contends the trial court erred in holding Nancys' claim against Fred Meyer was not a compulsory counterclaim in the Bergin lawsuit.

The parties agree that Nancys' alleged claim against Fred Meyer arose before Nancys served its pleadings in the Bergin action. They also agree that the court could have acquired jurisdiction over Fred Meyer in the Bergin action. The parties take contrary positions as to: (1) whether Fred Meyer was an "opposing party" for purposes of CR 13(a), and (2) whether Nancys' claim against Fred Meyer arose out of the transaction or occurrence which was the subject matter of Bergin's collection action. All aforementioned requirements must be met in order for a counterclaim to be compulsory.[1]

As described by court rule, a counterclaim is a claim against an opposing party. CR 13(a). Neither party has cited any direct Washington authority on the question of who is an "opposing party" for purposes of CR 13(a). We have found none. Cases decided under Fed. R. Civ. P. 13(a), the federal counterpart of CR 13(a), are of some assistance.[2] However, as set forth in 6 C. Wright, A. Miller & M. Kane, *Federal Practice* § 1404, at 18–19 (1990):

> The federal courts have not given a definitive answer to the question of who is an opposing party for purposes of a counterclaim, but the point has caused relatively few difficulties. Most of the judicial decisions seem to have involved questions of the capacity of either the party that is suing or being sued[3]

---

[1]CR 13(a) provides in pertinent part:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

[2]*First Nat'l Bank in Dodge City v. Johnson Cy. Nat'l Bank & Trust Co.*, 331 F.2d 325, 328 (10th Cir. 1964): "[A]n opposing party' must be one who asserts a claim against the prospective counter–claimant in the first instance. The very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it."

[3]It is a general principle that a person is an opposing party for counterclaim purposes only in the capacity in which that person was submitted to the court's jurisdiction. *E.g., Leon Tempelsman & Son v. Tecc Corp.*, 107 F.R.D. 384, 385 (N.D. Tex. 1985). Only in those instances where a plaintiff has submitted itself in

or the extent to which the parties to the counterclaim can be said to be in an adversarial relationship.

Fred Meyer cites out–of–state authority for its contention that a debtor and nonparty creditor are opposing parties in a contract collection action. Fred Meyer argues it was an opposing party in the Bergin lawsuit because Nancys' CR 13(j) setoff rights against Bergin as assignee and Nancys' claims against Fred Meyer were identical. Several of the cases cited involve situations in which there was an existing counterclaim against a party and the *same claim* involved nonparties. This is an important fact not present here. But even more detrimental to Fred Meyer's position is the fact its analysis and the cases cited ignore the language of CR 13(a).

██ Words contained in court rules which are not therein defined should, like statutory terms, be given their ordinary meaning. *E.g., Northwest Steel Rolling Mills, Inc. v. Department of Rev.,* 40 Wn. App. 237, 240, 698 P.2d 100, *review denied,* 104 Wn.2d 1006 (1985). To interpret the term "opposing party" in the context of the court rules so as to include a nonparty with an adverse interest is a non sequitur. We hold that an opposing party for purposes of CR 13(a) is one who asserts a claim against the prospective counterclaimant in the first instance. *First Nat'l Bank in Dodge City v. Johnson Cy. Nat'l Bank & Trust Co.,* 331 F.2d 325 (10th Cir. 1964). Since we conclude the opposing party requirement has not been met, we need not decide whether, for purposes of CR 13(a), Nancys' claim in this lawsuit was logically related to the subject matter of the Bergin lawsuit.

██ Nancys had an affirmative defense against Bergin under CR 13(j), not a compulsory counterclaim against Fred Meyer under CR 13(a). Pursuant to court rule and decisional law, when setoff is asserted against an assignee, it diminishes or defeats the assignee's claim, although the

---

a second capacity have counterclaims been allowed against it in that capacity. *Tempelsman,* at 385.

assignee has no liability in excess of the amount sued on.[4] Such avoidance of liability is in the nature of a defense, as distinguished from a counterclaim which is a demand for affirmative relief.[5] While Nancys' claim against Fred Meyer could have been asserted as a defensive setoff, it was not. Nancys is liable for the full amount of Bergin's judgment. Therefore, the trial court should not have attempted to force a satisfaction of that judgment by setoff against any judgment recovered by Nancys in this action.

Next, Fred Meyer contends Nancys' claim in the present action is barred by the doctrine of res judicata. It argues there was a final judgment on the merits against Nancys in the Bergin lawsuit and an "identity of the parties" in the two lawsuits. We disagree.

The doctrine of res judicata bars the later of two actions if there is an identity of (1) subject matter; (2) cause of action; (3) parties; and (4) the quality of the persons for or against whom the claim is made. *U.S. Bank of Wash. v. Hursey*, 116 Wn.2d 522, 529, 806 P.2d 245 (1991); *Mellor v. Chamberlin*, 100 Wn.2d 643, 645, 673 P.2d 610 (1983).

Under the circumstances of this case, res judicata does not apply because there was no identity of parties. Moreover, the relationship between Nancys' claim against

---

[4]An assignee takes a contract subject to any setoffs the account debtor has against the assignor. *E.g., Pacific Northwest Life Ins. Co. v. Turnbull*, 51 Wn. App. 692, 700, 754 P.2d 1262, *review denied*, 111 Wn.2d 1014 (1988). This general rule is incorporated into CR 13(j) which allows a defendant in a civil action based on an express or implied contract to set off against the assignee "a demand of a like nature" existing against the assignor at the time of the assignment.

[5]Although there is no unanimity by the courts, a setoff was held to be an affirmative defense in *Joseph V. Edeskuty & Assocs. v. Jacksonville Kraft Paper Co.*, 702 F. Supp. 741, 749 (D. Minn. 1988); *Worster Motor Lines, Inc. v. Lombardo*, 531 F. Supp. 106, 110 (W.D. Pa. 1982); *United States v. American Packing & Provision Co.*, 122 F.2d 445, 449 (10th Cir.), *cert. denied*, 314 U.S. 694 (1941). *Cf. Middletown Plaza Assocs. v. Dora Dale of Middletown, Inc.*, 621 F. Supp. 1163, 1165 (D. Conn. 1985) (*Middletown* acknowledged that under certain circumstances a setoff would be an affirmative defense, not a counterclaim); *cf. Curtis v. J.E. Caldwell & Co.*, 86 F.R.D. 454, 457-58 (E.D. Pa. 1980) (a defensive setoff is a permissive counterclaim).

Fred Meyer and the initial claim of Bergin against Nancys is not such that, without litigation of the initial claims, successful prosecution of Nancys' present claim would affect the rights established in the Bergin lawsuit. *See Krikava v. Webber*, 43 Wn. App. 217, 222, 716 P.2d 916, *review denied*, 106 Wn.2d 1010 (1986); Restatement (Second) of Judgments § 22(2)(b) (1982).

■ Finally, both lawsuits arose out of the same transaction (the preparation of "Nanna's Favorite Salad"). However, evidence to prove the unpaid account was not directly pertinent in deciding whether the salads were negligently prepared and stored, since no affirmative defense against Bergin was asserted by Nancys.

> Many tests for determining whether the same claim for relief [cause of action] is involved in both cases have been suggested. It has been said that the claim is the same if the same primary right is violated by the same wrong in both actions, or if the evidence needed to support the second action would have sustained the first action[.]

*Mellor*, at 646 (quoting 2 L. Orland, Wash. Prac., *Trial Practice* § 360, at 400–01 (3d ed. 1972)).

Based on the evidence before the trial court, we hold Nancys' claim against Fred Meyer was not a compulsory counterclaim in the Bergin lawsuit and res judicata does not bar the present action. We affirm the trial court's denial of summary judgment of dismissal, but reverse as to its determination there must be a setoff for Fred Meyer's benefit in the amount of the Bergin judgment.

GREEN, C.J., and MUNSON, J., concur.