**AVEMCO INSURANCE COMPANY,**
**Plaintiff–Appellant,**

**and**

**Lynn U. Goodfellow, Plaintiff,**

v.

**CESSNA AIRCRAFT COMPANY,**
**Defendant–Appellee.**

No. 92–4149.

United States Court of Appeals,
Tenth Circuit.

Dec. 15, 1993.

---

William L. Schanz, William L. Schanz, a Law Corp., Irvine, CA, for plaintiff-appellant.

Tracy H. Fowler (Jon C. Martinson, with him on the brief), Campbell, Maack & Sessions, Salt Lake City, UT, for defendant-appellee.

Before BALDOCK, HOLLOWAY and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Plaintiff-appellant Avemco Insurance Company appeals from dismissal of its action against Cessna Aircraft Company for indemnity and contribution. These claims arose from Avemco's settlement of a claim against its insured, owner and pilot of a Cessna aircraft, to a passenger injured in an airplane crash. The district court held that Avemco's action was barred as an untimely compulsory counterclaim which should have been asserted in prior litigation against the insured. Avemco appeals the district court's order contending that, for purposes of the compulsory counterclaim rule, a liability insurer is not interchangeable with the insured, and that a contrary view violates due process and prejudices the insured at trial. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## Background

As a result of the crash, Lynn Goodfellow, the owner and pilot of the aircraft insured by Avemco, was subject to two personal injury claims. The first was an informal claim against Goodfellow by Kasamis, an injured passenger. Avemco settled this claim against Goodfellow. Barker, another injured passenger, filed suits against Goodfellow and Cessna which were consolidated. Cessna filed a third-party complaint against Goodfellow alleging negligent operation of the aircraft. In the Barker litigation, Goodfellow, represented by the same attorney furnished by Avemco in the Kasamis settlement, filed no counterclaim against Cessna for contribution or indemnification for the settlement amount of the Kasamis claim.

Avemco then filed this action against Cessna for indemnification and contribution for the Kasamis settlement. The district court determined that Fed.R.Civ.P. 13(a) barred this action because it was a compulsory counterclaim in the Barker litigation. We agree.

## Discussion

We determine de novo whether the district court erred in finding an untimely compulsory counterclaim. *See Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1058 & n. 1 (3rd Cir.1978); *Republic Health Corp. v.*

*Lifemark Hospitals of Fla., Inc.,* 755 F.2d 1453, 1454 (11th Cir.1985).

In applying Fed.R.Civ.P. 13(a) in diversity jurisdiction, we look to state law to address the substantive questions involving the nature and scope of the insurer-insured relationship. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Pochiro v. Prudential Ins. Co.,* 827 F.2d 1246, 1249 (9th Cir.1987). We apply California law.

Fed.R.Civ.P. 13(a) provides that [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In light of this rule, if a compulsory counterclaim is not brought, the claim is later barred. *See Baker v. Gold Seal Liquors,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974); *Sams v. Beech Aircraft Corp.,* 625 F.2d 273, 276 n. 4 (9th Cir.1980).

Avemco argues that, as the insurer of the party to the action, it is neither an "opposing party" nor a "pleader" and, therefore, although arising out of the same accident, its counterclaim was not compulsory. Aplt. Brief at 11, 14. Avemco does, however, agree that it is the subrogee of its insured, Goodfellow. Aplt. Brief, ex. A at 1 (undisputed fact in district court order of dismissal). As such, "[u]nder settled principles, an insurer as subrogee has no greater rights than those possessed by its insured, and its claims are subject to the same defenses." *Liberty Mut. Ins. Co. v. Fales,* 8 Cal.3d 712, 106 Cal.Rptr. 21, 24, 505 P.2d 213, 216 (1973). Since Goodfellow was an opposing party in the Barker litigation and answered Cessna's third-party complaint, Rule 13(a) applies to him and, by subrogation, to Avemco.

Avemco argues that the subrogation relationship ends upon its full payment of the settlement amount. Aplt. Brief at 21. Avemco contends that the insured does not possess the claim which it is asserting against Cessna and that, instead, Avemco itself is the "real party in interest" required under Fed.R.Civ.P. 17(a). *Id.* at 20. This rule states "every action shall be prosecuted in the name of the real party in interest." Thus, Avemco argues that upon its full payment of the Kasamis settlement the claim is in no way related to Goodfellow; rather, it is Avemco's alone.

To the contrary, California law states that

an insurer who has paid a claim by an insured whom it is required by contract to indemnify is subrogated to its insured's right to indemnity from a third party who has contributed to the loss suffered by the insured. An insurer's subrogated right is to be put in the position of its insured for the loss which the insurer has both insured and paid. In other words, the insurer as subrogee stands in the same position as does an assignee—in the shoes of the subrogor or assignor.

*Smith v. Parks Manor,* 197 Cal.App.3d 872, 243 Cal.Rptr. 256, 258–59 (1987) (citations and quotations omitted). Under California law, therefore, Avemco's claim is derived from Goodfellow, despite payment.

Avemco's argument in this respect is similarly at odds with Cal.Civ.Proc.Code § 875 which provides that "a liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution." If payment of the whole judgment removed all of the insured's rights which could transfer by subrogation, then both this statute and *Parks Manor* would confer nothing on the liability insurer. However, if the insurer is to step into the shoes of the insured as if the insured himself had paid the claim, *see Underwriters at Lloyd's Under Policy No. LHO 10497 v. Peerless Storage Co.,* 561 F.2d 20, 26 (6th Cir.1977), these California laws then have substance. Thus, Avemco might have to sue in its own name under Fed.R.Civ.P. 17(a), but in so doing the scope of such claim would be limited to indemnification rights derived from the insured, had the insured paid the settlement.

California law similarly disposes of Avemco's argument that Goodfellow "never" pos-

sessed the claim upon which Avemco sues. Aplt. Brief at 17. Cessna cites authority that the compulsory counterclaim rule applies to insurers who pay the entire claim amount. Avemco argues that since the settlement was paid directly by Avemco, and Avemco's interests were therein protected, these cases are inapposite. Avemco's argument, however, is directly at odds with *Parks Manor.*

Avemco has approached this issue as though it has an independent right to indemnification rather than a pure subrogation right. This also appears to be the approach of the dissent. The Second Circuit distinguished these two types of rights, however, in *Great Am. Ins. Co. v. United States,* 575 F.2d 1031 (2d Cir.1978). The court held that while indemnification sometimes arises from an independent contract with the third person, an insurer's right to indemnity is by subrogation and entirely dependent on the insurance contract. *Great Am. Ins. Co.,* 575 F.2d at 1034. The situation in this case is of the latter type. Avemco lacks an independent right to indemnification based on full payment; instead, Avemco has succeeded to a right arising solely from the insurance policy.

As a result, we find no merit in Avemco's argument that it had an independent relationship with Kasamis. The Kasamis settlement arose directly out of an accident involving the insured. Avemco's involvement can only have been on Goodfellow's behalf. Therefore, California law recognizes that subrogation relationship beyond the insurer's payment of the claim. *See* Cal.Civ.Proc.Code § 875; *Parks Manor,* 243 Cal.Rptr. at 258–59. Other courts presented with similar situations also have followed this approach. *See Employers Mut. Casualty Co. v. Hanshaw,* 176 N.W.2d 653, 656 (Iowa 1970); *Firemen's Ins. Co. v. L.P. Steuart & Bro.,* 158 A.2d 675, 677 (D.C.1960); *General Casualty Co. v. Fedoff,* 11 F.R.D. 177, 179 (S.D.N.Y.1951).

Policy also supports this application of the rules. Rule 13(a) is designed to promote joinder of related claims in the same litigation. Rule 17(a) is similarly designed to reduce the threat of multiple litigation against a single defendant based on the same occurrence between the parties. In a situation such as this, where the insurer has controlled the defense in both actions, there is little to commend allowing the insurer to sit idly by during the subsequent litigation, only to bring a separate action against the very same defendant at a later date.

Avemco also claims that this application of Rule 13(a) violates due process. It argues lack of notice. Avemco not only had notice of the proceedings, however, but also was extensively involved in them. Avemco's counsel handled the Kasamis settlement on behalf of Goodfellow. Avemco was aware of the later Barker litigation and also supplied the same counsel. Under California law Avemco's claim is merely derivative of Goodfellow's. Goodfellow already had his "day in court." Because the claim is derived from Goodfellow as though he himself had paid the claim, and Avemco was involved in both actions, we find no due process violation.

Plaintiff further argues that the injection of the existence of liability insurance into an insured's tort case is prejudicial. While this concern is understandable, it is easily remedied.

For the foregoing reasons the judgment of the district court is

AFFIRMED.

HOLLOWAY, Circuit Judge, dissenting:

I respectfully dissent.

The majority opinion correctly notes that state law governs the substantive rights of the parties in this diversity litigation. Specifically, the opinion properly relates the basic state-law principle that a subrogee stands in the same position as an assignee—"in the shoes of the subrogor or assignor." Slip op. at 4. The opinion essentially adopts Cessna's conclusion that since an insurer as subrogee has no greater rights than the subrogor and because Goodfellow failed to assert as a counterclaim the claim for indemnity or contribution against Cessna (now asserted by Avemco) in response to Cessna's third party complaint, Avemco is now barred by Federal Rule of Civil Procedure 13(a) from asserting that same claim for indemnity or contribution against Cessna. Brief of Appellee at 13–15.

I disagree with the latter conclusion. The majority's syllogism ignores the consequences of the earlier full subrogation to Avemco of Goodfellow's indemnity claim upon Avemco's payment to Kasamis. The substantive rights here are premised on state law. But the dispositive procedural rules here are derived solely from federal law, specifically the impact of Rules 13(a) and 17(a) of the Federal Rules of Civil Procedure. *See American Fidelity & Casualty Co. v. All American Bus Lines,* 179 F.2d 7, 10 (10th Cir.1950).

The majority opinion accurately outlines the facts underlying this appeal. It is helpful, however, to focus on these basic points which bring the issue before us into proper perspective. First, the informal personal injury claim of the passenger Kasamis against the pilot Goodfellow was settled by Avemco, Goodfellow's insurer, with a release obtained on May 27, 1986, for Goodfellow, Avemco and others. Appellant's App., Exh. C at 14–18 (hereafter App.). Avemco's settlement checks to Kasamis for $102,500 were dated June 10, 1986. *Id.* at 12. The federal court complaint of the other passenger Barker against Cessna and others was filed June 6, 1986. (Barker's separate suit against Goodfellow and another party was filed November 21, 1986.) *Id.* at Exhs. D and A. Cessna's third party complaint against Goodfellow and Goodfellow Corp. for indemnity was filed in that first Barker case on August 24, 1986. *Id.* at Exh. E. Then Goodfellow's answer to Cessna's third party complaint was filed September 23, 1987. *Id.* at Exh. F.

This chronology makes it clear that *before* any claim was asserted by Cessna against Goodfellow and *before* Goodfellow was called on to file a responsive pleading thereto, full subrogation of any rights of Goodfellow against Cessna for indemnity or otherwise had occurred by operation of law. Thereafter those rights were possessed only by Avemco, which was not a party in the *Barker* suit against Cessna. Rule 13(a) only required assertion against Cessna of any claim that Goodfellow had *when* he answered Cessna's third party complaint. "A pleading shall state as a counterclaim any claim which *at the time of serving the pleading the pleader has ... against any opposing party....*" Fed.R.Civ.P. 13(a) (emphasis added).

Our first question turns on identification of the real party in interest: who could assert the indemnity claim against Cessna when Goodfellow answered Cessna's third party complaint against him? The answer may be found partly in the law of subrogation which determines the relevant substantive rights vis-a-vis Cessna,[1] and partly in federal procedural law applying Rule 17(a), which determines how those rights may be asserted in federal court. *Brocklesby Transport v. Eastern States Escort,* 904 F.2d 131, 133 (2d Cir.1990) ("in diversity cases federal law governs the issue of in whose name a lawsuit must be brought, even though state law controls the underlying substantive right of an insured to recovery"); *Garcia v. Hall,* 624 F.2d 150, 152 n. 4 (10th Cir.1980) (same).

Once subrogation had been triggered by Avemco's settlement payment to Kasamis, Rule 17(a) permitted only Avemco to assert any claim for indemnity against Cessna. "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name." *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 380–81, 70 S.Ct. 207, 215, 94 L.Ed. 171 (1949); *Kansas Electric Power Co. v. Janis,* 194 F.2d 942, 944 (10th Cir. 1952) ("And where ... the insurers pay the owners in full for the loss and become subrogated to all of the rights of such owners against the alleged wrongdoer, the action against the alleged wrongdoer to recover in tort must be maintained in the name of the insurers").[2] Accordingly, at the time that

---

**1.** The doctrine of equitable subrogation appears to be generally recognized. *See, e.g., American Fidelity & Casualty Co.,* 179 F.2d at 7, 9–10 and n. 1 (citing numerous state and federal cases as showing that "[o]rdinarily when a public liability insurance company fully reimburses its insured for losses within the coverage of the policy, it becomes subrogated to the rights of the insured against third parties whose tortious conduct caused the loss").

**2.** *See also Gas Service Co. v. Hunt,* 183 F.2d 417, 419 (10th Cir.1950) (same); *American Fidelity & Casualty Co.,* 179 F.2d at 10 (same); *Krueger v. Cartwright,* 996 F.2d 928, 932 (7th Cir.1993) (same); *Brocklesby Transport v. Eastern States*

Goodfellow's answer to Cessna's third party complaint was filed, Goodfellow did not have the indemnity claim against Cessna. Avemco fully possessed it as subrogee.

Thus there was no failure by Goodfellow to state any claim for indemnity in violation of the requirement of Rule 13(a). After subrogation occurred by operation of law, Goodfellow was not entitled to assert the counterclaim in his own name. *American Fidelity & Casualty Co.,* 179 F.2d at 10. (After subrogation, the insured "is not entitled to bring an action in his own name against the third party tortfeasor."). And when Avemco asserted its claim for indemnity in the instant suit, there was no defense or impediment attached to that claim because no such defense ever arose against the subrogor Goodfellow, who had not failed to assert a claim he could make against Cessna. Although Avemco is standing in Goodfellow's shoes, Avemco cannot be saddled with a claimed violation by Goodfellow of Rule 13(a) because such a violation never occurred.

Turning to the other federal rule involved here, Rule 13(a) makes compulsory any counterclaim "which at the time of serving the pleading *the pleader* has against any *opposing party,* if it arises out of the transaction or occurrence that is the subject matter of the *opposing party's* claim...." (Emphasis added). The plain language of the rule precludes a holding that Avemco's indemnity claim against Cessna could and should have been asserted as a compulsory counterclaim in the *Barker* litigation. Avemco was not the "pleader" of Goodfellow's answer to Cessna's third party complaint against Goodfellow in the *Barker* case. Goodfellow alone was. The term "pleader" refers only to "the party asserting a particular pleading." *Black's Law Dictionary,* p. 1152 (6th ed. 1990). The term "party," in turn, means "a person whose name is *designated on record* as plaintiff or defendant." *Id.* at 1122 (emphasis added). Avemco never filed a pleading in *Barker,* nor was it designated on record as a party. Instead, its sole function there was to provide

Goodfellow with a defense to claims made against him, pursuant to its insurance contract.

Moreover, because Cessna's third party claim was against Goodfellow and not Avemco, Cessna cannot be characterized as Avemco's "opposing party" in *Barker* within the meaning of Rule 13(a). This court has held that "an 'opposing party' must be one who asserts a claim against the prospective counter-claimant in the first instance. The very concept of a counterclaim presupposes the existence or assertion of a claim against the party filing it." *First Nat. Bank in Dodge City v. Johnson County Nat. B. & T. Co.,* 331 F.2d 325, 328 (10th Cir.1964). As stated in *Nancy's Product, Inc. v. Fred Meyer, Inc.,* 61 Wash.App. 645, 811 P.2d 250, 253 (1991):

> Words contained in court rules which are not therein defined should, like statutory terms, be given their ordinary meaning.... To interpret the term "opposing party" in the context of the court rules so as to include a nonparty with an adverse interest is a non sequitur. We hold that an opposing party for purposes of [Washington Superior Court Civil Rule] 13(a) is one who asserts a claim against the prospective counter claimant in the first instance. *First Nat'l Bank v. Johnson Cy. Nat'l Bank & Trust Co.,* 331 F.2d 325 (10th Cir.1964).

To argue, as Cessna implicitly does, that because Avemco was a *potential* party in the *Barker* litigation it was required by Rule 13(a) to join (or be joined) in order for it to assert its indemnity claim against Cessna "really assumes the point it should be making. For it is only in the event that [the relevant] claim in fact met *all* the criteria of a compulsory counterclaim as outlined in Rule 13(a) that additional parties must have been brought in by the court had the counterclaimant so requested." *Mesker Brothers Iron Co. v. Donata Corp.,* 401 F.2d 275, 280 (8th Cir.1968) (emphasis in original).

*Escort Servs.,* 904 F.2d at 133 (same); 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure 1546 (2d ed. 1990) ("The general rule in the federal courts is that if the insurer has paid the entire claim, it is the real party in interest and must sue in its own name.").

As noted, Avemco was not a party to the *Barker* suit. Avemco also was under no compulsion to seek to intervene in that earlier case. *Cf. Martin v. Wilks,* 490 U.S. 755, 763, 109 S.Ct. 2180, 2185, 104 L.Ed.2d 835 (1989) ("a party seeking a judgment binding on another cannot obligate that person to intervene...."); *Mann v. City of Albany,* 883 F.2d 999, 1005 n. 2 (11th Cir.1989) ("The Supreme Court's opinion in *Martin* expressly eschews a regime of mandatory intervention.").[3] Only if Avemco had in fact joined or been joined as a party in the *Barker* suit would it conceivably have become subject to the mandate of Rule 13(a). *Montgomery Ward Dev. Corp. v. Juster,* 932 F.2d 1378, 1383 (11th Cir.1991) ("Weigel was a potential defendant who was not joined in the prior action, and thus does not qualify as a pleader for purposes of the compulsory counterclaim bar"); *Ponderosa Dev. Corp. v. Bjordahl,* 787 F.2d 533, 536 (10th Cir.1986) ("Although plaintiffs moved to join [the present] defendants and to pursue [the present] claim in the foreclosure suit, their motion was denied. An attempt to implead additional parties is materially different from a claim against an already existing party under Rule 13(a).... Because plaintiffs' claim against defendants was not against an opposing party in the earlier action, it is not barred by the compulsory counterclaim doctrine."); *see also Birmingham Fire Ins. Co. v. Winegardner and Hammons, Inc.,* 714 F.2d 548, 551–52 (5th Cir.1983) (proposed claim against parties to be impleaded did not constitute compulsory counterclaim against an already opposing party).[4]

As it stands, Avemco was never made a party to the *Barker* litigation. Its indemnity claim against Cessna therefore neither could nor should have been the subject of a compulsory counterclaim therein and Avemco is not now barred from asserting its indemnity claim in this separate action.

3. The majority opinion argues that policy supports its position; that Rule 13(a) is designed to promote joinder of related claims in the same litigation; and Rule 17(a) is designed to reduce the threat of multiple litigation. I do not disagree with these propositions, but they in no way overcome the fact that the Supreme Court expressly eschewed "a regime of mandatory intervention" in *Martin*.

4. In this regard, Rule 13(a) follows the general principle that "a person cannot be deprived of his or her legal rights in a proceeding to which such person is neither a party nor summoned to appear in the legal proceeding." *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir.1990).