MURDOCK, Justice
(concurring specially).
I concur in the main opinion’s conclusion and write separately for the purpose *980 of noting sound policy concerns and substantial legal authority in support of that conclusion as set forth in the following excerpts [5] from Little Narrows’ brief in support of its application for rehearing:
“The wording ‘opposing party’ defined as it has always been to mean ‘named party’ has the virtue of clarity. The plain meaning of ‘opposing party’ is a named party who asserted a claim 'against the putative counterclaim-ant. ... HID Global Corp. v. Leighton, [No. 1:07 CV 1972, Nov. 15, 2007] (N.D.Ohio) [not published in F.Supp.2d]; GIA-GMI, LLC v. Michener, 2007 U.S. Dist. [No. C 06-7949 SBA] (N.D.Cal. June 7, 2007) [not published in F.Supp.2d].”
In further support of this argument, Little Narrows cites the case of Noel v. Hall, 341 F.3d 1148, 1170 (9th Cir.2003), in which the court, quoting the Washington case of Nancy’s Product, Inc. v. Fred Meyer, Inc., 61 Wash.App. 645, 650, 811 P.2d 250, 253 (1991), stated: “To interpret the term ‘opposing party’ in the context of the court rules so as to include a nonparty with an adverse interest is a non sequitur.”
Little Narrows continues in its brief by arguing that the position urged by the Scotts would
“place the burden of determining the real party in interest on the defendant rather than the plaintiff filing the complaint. So long as ‘opposing party’ in Rule 13(a) means exactly that, the named opposing party, there is no guessing game needed to protect a client’s interest....
[[Image here]]
“... The defendant under the definition of ‘opposing party1 urged by appel-lees would be required at its peril to assume the burden of figuring out who else may be involved in the range of ‘functional identity of interest’ and bear the burden of waiving its claim if it or its lawyer guesses wrong.
“The interpretation of Rule 13(a) urged by appellees will not reduce the demand on precious judicial resources, but will instead increase that demand. The only way to know for certain what party is within the range of ‘functional identity of interest’ is to litigate the issue and obtain a ruling. Discovery must be increased to accommodate the new needs for knowledge at an early stage of the proceedings.”
I also note that decisions from other federal courts are in accord with this Court’s decision today. See, e.g., Ponderosa Dev. Corp. v. Bjordahl, 787 F.2d 533 (10th Cir.1986);' Mesker Bros. Iron Co. v. Donata Corp., 401 F.2d 275 (4th Cir.1968). See generally Sanders v. First Bank of Grove Hill, 564 So.2d 869 (Ala.1990).

. I have made minor editorial changes to the quoted excerpts.